**Walter MILLER, Mary Miller, Dario Miller, and Lyrica Miller**

v.

**WINDSOR INSURANCE COMPANY.**

No. 2–95–036–CV.

Court of Appeals of Texas, Fort Worth.

April 25, 1996.

Rehearing Overruled May 30, 1996.

Publication Ordered May 30, 1996.

Gary Norton, Corpus Christi, for appellants.

Glen J. Fahl, Houston, for appellee.

Before DAY, RICHARDS and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

This appeal follows a judgment entered in an interpleader action filed by Windsor Insurance Company to determine the amount of money owed under a Texas Personal Auto Policy issued by State and County Mutual Fire Insurance Company. Walter Miller, the named insured, was injured in a collision while alone in his car. He and his family filed an uninsured/underinsured motorist claim on his State and County policy. Summary judgment was granted for Windsor. Appellants bring forty-one points of error, complaining about the trial court's: (1) denial of Walter's motion to transfer venue; (2) summary judgment for Windsor; (3) entry of a nunc pro tunc order; (4) granting of Wind-

sor's motion for disbursement of funds from registry; and (5) failure to file written findings of fact and conclusions of law after granting Windsor's motion for disbursement of funds from registry. We affirm the judgment of the trial court.

## BACKGROUND

Walter purchased an insurance policy from State and County. The policy provided $100,000 per person injured in a collision and a maximum of $300,000 per occurrence. On June 1, 1992, Walter was in an accident with Robert Falgout in the 4000 block of South Staples in Corpus Christi, Texas. Falgout's insurance company tendered his policy limit of $20,000, which Walter maintained was insufficient to compensate him for his medical expenses.

On March 16, 1993, Walter wrote a demand letter to Windsor requesting the $100,000 per person policy limit under his insurance policy. Windsor, State and County's reinsurer, advanced $10,000 to Walter for payment of medical expenses. On July 2, 1993, Walter's attorney demanded from Windsor Group the $300,000 per occurrence policy limit. Windsor repeatedly attempted to send the remaining $90,000 to Walter, but the offer was always refused. Walter contended that the full $300,000 per occurrence limit was owed despite the fact that Walter was alone in the car and that none of the other members of his family were in the car or at the scene at the time of the accident.

The last time Windsor tendered the $90,000 to Walter, it included a release that it would not be construed as settling any alleged bad faith claim Walter felt existed and would not include other family members. After this last tender was refused, the money was interpleaded into the registry of the trial court.

Windsor filed the interpleader suit in Tarrant County, claiming that State and County's principal place of business is Arlington, Texas. Walter filed a motion to transfer

venue to Nueces County, where appellants reside. The trial court denied the motion to transfer venue and granted Windsor's motion for summary judgment and motion for disbursement of funds.

## POINTS OF ERROR ONE THROUGH SEVENTEEN

In their lengthy[1] amended brief, appellants bring seventeen points of error complaining about the trial court's refusal to transfer venue. Appellants claim to argue all seventeen points together, but in the argument portion of the brief, appellants highlight only six distinct complaints. Accordingly, we will address only the complaints argued. The complaints are that: Windsor failed to prove proper venue by properly pleading and making prima facie proof by affidavit fully and specifically setting forth facts necessary to establish venue in Tarrant County; Windsor, as a nonparty to the auto policy, filed the declaratory judgment action in violation of the clear law protecting insureds' fundamental rights to be the real plaintiffs and to choose proper venue for filing suit; Windsor has failed to allege and prove any right and authority to act in any capacity for State and County or anyone else; when no claim has been made against Windsor, no basis in fact and in law exists for filing plaintiff's interpleader and petition for declaratory judgment; when Windsor has not pled any claim in controversy between Windsor and State and County, State and County should be disregarded as an alleged putative defendant and realigned as a plaintiff against its insureds; and Windsor failed to prove that the home office and principal place of business of State and County is located in Arlington, Tarrant County, Texas.

█ Appellants claim Windsor failed to prove proper venue. They assert that Windsor has not fully and properly pled all essential elements of its causes of action. Other than a general reference to Rule 87 of the

1. Appellants filed a brief on June 23, 1995. It was discovered after submission of this matter, on November 1, 1995, that the brief did not comply with the rules of appellate procedure. *See* Tex.R.App.P. 74(d), (f). This court ordered

that appellants rebrief, and granted Windsor the opportunity to file an amended reply brief. Although appellants filed an amended brief on December 11, 1995, the amended brief is virtually identical to the original.

Texas Rules of Civil Procedure,[2] appellants cite no authority for their contention that Windsor failed to plead and prove eight specific elements.

■ Tarrant County is a county of proper venue.[3] State and County is an interested party that must be joined as a defendant under the Declaratory Judgments Act. An insurance carrier may be sued in the county where its home office is located. If State and County's home office and principal place of business are in Arlington, Texas, venue is proper in Tarrant County. Accordingly, this contention is overruled.

■ Appellants next assert that Windsor, as a nonparty to the auto policy, filed the declaratory judgment action in violation of the clear law protecting the insureds' fundamental rights to be the real plaintiffs and to choose proper venue for filing suit. Appellants aver that Windsor's filing the declaratory judgment action as if it were a party who had a right under the auto policy is "a contrived attempt to change the terms and conditions of the Auto Policy and the Texas venue law." They maintain that an attempted agreement to require venue in the county where an insurance company has its home office is an invalid agreement in violation of public policy.

■ The Declaratory Judgments Act requires that "all persons who have or claim any interest that would be affected by the declaration must be made parties." TEX.CIV. PRAC. & REM.CODE ANN. § 37.006 (Vernon 1986). The Texas Supreme Court has specifically allowed a reinsurer such as Windsor standing to file a declaratory judgment action. *Republic Ins. Co. v. Davis*, 856 S.W.2d 158 (Tex.1993). We conclude that as the reinsurer of State and County on the policy in question, Windsor must be made a party under section 37.006. Consequently, appellants' assertion on this issue is overruled.

Appellants next argue that Windsor has failed to allege and prove any right and authority to act in any capacity for State and County or for anyone else. Appellants assert that when an insurance company attempts to confuse the rights of insureds by injecting in a pleading the name of a different insurance company, the different companies must identify the parties and their rights or obligations correctly. *See Beacon Nat'l Ins. Co. v. Reynolds*, 799 S.W.2d 390, 395–96 (Tex.App.—Fort Worth 1990, writ denied).

Both the original petition and supplemental petition assert that Windsor provided reinsurance through the State and County policy insuring the appellants. Additionally, the policy and reinsuring agreement were produced and proved up. We find this situation completely different from *Beacon*. There the insurance company raised for the first time after trial the argument that it was not the proper company. *Id.* at 395. Thus, this contention, too, is overruled.

■ Appellants next argue that when no claim has been made against Windsor, no basis in fact and in law exists for Windsor filing plaintiff's interpleader and petition for declaratory judgment. Appellants maintain that a claim against Windsor is a prerequisite for Windsor filing a valid interpleader and declaratory judgment action. They argue that because State and County has not made any claim against Windsor, Windsor has therefore failed to satisfy the prerequisite for filing the interpleader and declaratory judgment action. *See Davis v. East Texas Sav. & Loan Ass'n*, 163 Tex. 361, 354 S.W.2d 926 (1962); *Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16 (5th Cir.1992), *cert. denied*, 508 U.S. 906, 113 S.Ct. 2331, 124 L.Ed.2d 243 (1993).

This argument fails for two reasons. First, a representative of State and County testified that it expected Windsor to honor its contractual obligations under the reinsurance contract and the auto policy, thus mak-

---

**2.** Appellants cite TEX.R.CIV.P. 87(2) and (3) but fail to highlight the relevant portions or demonstrate how this authority supports their argument.

**3.** Act approved June 17, 1983, 68th Leg., R.S., ch. 385, § 3(b), 1983 Tex.Gen.Laws 2119, 2121, *amended by* Act approved May 18, 1995, 74th Leg., R.S., ch. 138, § 3, 1995 Tex.Gen.Laws 978, 980 (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 15.032 (Vernon Supp.1996).

ing *Davis* and *Bank One* inapplicable. Second, Walter in fact made a claim against Windsor for the $100,000 policy limit.

■ Appellants next assert that when Windsor has not pled any claim in controversy between it and State and County, State and County should be disregarded as an alleged putative defendant and realigned as a plaintiff against its insureds. Appellants contend that the interests of Windsor and State and County are the same in relation to their purpose and that, as a result, State and County should be disregarded as a putative defendant.

We disagree with the argument that the interests of Windsor and State and County are the same. For example, State and County could make a claim against Windsor for contribution or indemnity under the reinsuring agreement. Although appellants view both Windsor and State and County as being their opponents, we view the interests of the two companies as distinct enough so that realignment is inapplicable.

■ Next, in a multifarious argument, appellants claim that Windsor failed to prove that the home office and principal place of business of State and County is located in Arlington, Tarrant County, Texas for venue purposes. In making this assertion, appellants raise objections to the affidavits of David Piper supporting Windsor's venue allegation. They claim the auto policy states the home office of State and County is located at 100 N. 6th Street, Suite 300, Waco, Texas, and that the verified Annual Statement filed with the Texas Department of Insurance lists the same address for the statutory home office. Appellants claim that Windsor's only proof that Arlington, Texas is the home office and principal place of business are the Piper affidavits. Appellants claim that Piper's affidavits are not legally probative because their conclusions are contrary to the terms of the auto policy and the verified annual statement. Appellants also argue that the affidavits have not been properly authenticated because they do not show that Piper is authorized to act on behalf of State and County, they do not show Piper has personal knowledge, and they do not set forth specific facts.

■ We disagree with the assertion that the only proof that Arlington, Texas is the home office and principal place of business lies within the Piper affidavits. In addition to the disputed affidavits, Windsor provided an annual statement for State and County that stated that its main administrative office and primary location of books and records is Arlington, Tarrant County, Texas. On the same document, State and County's mailing address is listed as Arlington, Tarrant County, Texas. A corporation may have two residences and be sued in both. *See Tri–County Elec. Coop. v. Thompson*, 226 S.W.2d 511, 512 (Tex.Civ.App.—Fort Worth 1950, no writ); *Byrd Cattle Co. v. Texas Vegetable Union*, 22 S.W.2d 990, 991 (Tex.Civ.App.—San Antonio 1929, no writ).

On Piper's affidavits, he is vice president of Windsor, knowledgeable about the operations of and relationship between Windsor and State and County, and states that the affidavits are based on his knowledge and experience. Additionally, deposition excerpts of Kenneth Curtiss indicate that the registered agent and corporate offices for State and County are located in Tarrant County, Texas.

A plaintiff (such as Windsor) need not prove the facts as if at trial nor must it prove its underlying case. The plaintiff must plead a fact and present proof putting forth that fact to make prima facie venue proof. *Humphrey v. May*, 804 S.W.2d 328, 329 (Tex. App.—Austin 1991, writ denied). Points one through seventeen are overruled.

### POINTS OF ERROR EIGHTEEN THROUGH THIRTY–FIVE

Appellants contend that they argue points of error eighteen through thirty-five, but their argument is divided into three main sections. Because of the structure of their brief, we will address only those three arguments highlighted in the pertinent section: the summary judgment grants relief on grounds not stated in Windsor's motion for summary judgment; genuine issues of disputed material facts preclude summary judgment; and the affidavits of Glenn Fahl and David Piper and the contents of documents referenced in their affidavits are not legally

probative to prove essential summary judgment facts.

We find appellants' first contention in this section incorrect given even a cursory examination of the pertinent pleadings and orders. Appellants argue that the trial court's summary judgment grants relief on grounds not stated in Windsor's motion for summary judgment, but we find no such discrepancy.

The motion for summary judgment clearly states that Windsor was entitled to judgment as a matter of law because the mental anguish and loss of consortium-type injuries claimed by Mary, Dario, and Lyrica Miller are not "bodily injuries" suffered in Walter's accident and that, as a result, the injuries of Mary, Dario, and Lyrica Miller are not "additional per occurrence" claims under the uninsured/underinsured motorist coverage. In short, Windsor Insurance contended that because Walter was alone in the automobile at the time of the collision, he was entitled to the $100,000 per person, rather than the $300,000 per occurrence policy limit. Both the summary judgment and the *nunc pro tunc* summary judgment state that recovery under the policy was limited to the $100,000 per person limit. The relief granted was sought in the motion.

Appellants contend that the motion for summary judgment is insufficient as a basis for summary judgment as a matter of law because the motion does not establish issues including the standing of the parties, the relationships of the parties, or other issues. The summary judgment proof undermines this argument. Affidavits establish Windsor's reinsurance relationship with State and County, copies of checks from Windsor and payable to Walter reference the claim number and local insurance agent, and a letter from Walter shows that he made a demand for the "policy limit" of "$100,000" upon Hank Hobbs, a claims examiner for Windsor. Walter made his initial claim under the policy upon Windsor; appellants' argument that Windsor lacked standing to interplead the proceeds of the insurance policy and move for summary judgment rings hollow. Further error, if any, is waived, because the argument does not comport with the points of error. *See* TEX.R.APP.P. 74.

■ Appellants next argue that genuine issues of disputed material facts preclude summary judgment. This complaint, too, falls short. At no point do appellants dispute that Walter was the sole occupant of the Miller car at the time of the collision, and at no point do appellants provide authority for their contention that Mary, Dario, and Lyrica's mental anguish and loss of consortium-type damages are "bodily injuries" for purposes of the insurance policy. Most significantly, included in the summary judgment proof is the letter from Walter to Windsor, in which Walter made a demand for the $100,000 per person policy limit.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of movant's cause of action or defense as a

matter of law. *City of Houston*, 589 S.W.2d at 678.

It is well established that mental anguish and loss of consortium damages suffered by one not involved in an actual accident are not bodily injuries, and declaratory or summary judgments for insurers have been upheld in such cases. *See, e.g., Eshtary v. Allstate Ins. Co.*, 767 S.W.2d 291 (Tex.App.—Fort Worth 1989, writ denied); *Manriquez v. Mid–Century Ins. Co.*, 779 S.W.2d 482 (Tex.App.—El Paso 1989, writ denied). Loss of consortium is not a bodily injury for purposes of applying the minimum insurance policy limits. *McGovern v. Williams*, 741 S.W.2d 373, 374 (Tex.1987). As a result, we find no disputed material facts and hold that Windsor was entitled to summary judgment as a matter of law. Accordingly, this contention of appellants' is overruled.

The next assertion is that the affidavits of Glenn Fahl and David Piper and the contents of documents referenced in their affidavits are not legally probative to prove essential summary judgment facts. Again, appellants reurge their complaints pertaining to venue and standing and fail to demonstrate how the alleged inadequacies in the affidavits fail to prove as a matter of law any fact material to the summary judgment, specifically, Walter's sole presence in the vehicle at the time of the collision, the lack of any bodily injuries suffered by other members of the Miller family, Windsor's tender of $100,000 to Walter for his injuries, or the inapplicability of the $300,000 per occurrence policy limit in the instant litigation. Because appellants fail to illustrate how the alleged inadequacies in the affidavits undermine the propriety of the summary judgment, we find they have waived this portion of their complaint. *See* TEX.R.APP.P. 74(d), (f). Because we find they have failed to controvert the stated basis for the summary judgment and the *nunc pro tunc* summary judgment, we overrule this argument.

### POINTS OF ERROR THIRTY–SIX THROUGH FORTY

Appellants raise two concerns during this portion of their brief: Windsor's motion for disbursement of funds does not satisfy the requirements for a motion for summary judgment and should not have been granted as if it were a motion for summary judgment; and the district court was required to state in writing its findings of fact and conclusions of law regarding its granting of Windsor's motion for disbursement of funds from registry.

■ Although appellants claim that Windsor's motion for disbursement of funds attempts to change the terms and conditions of the auto policy and requests relief not requested in the motion for summary judgment, they do not explain how Windsor attempted to effect this alteration or obtain relief not requested. As a result, this complaint is waived. *See* TEX.R.APP.P. 74(d), (f).

■ On appellants' contention that the district court should have complied with their request for findings of fact and conclusions of law regarding disbursement, the court merely conducted the ministerial act of disbursing money. Because this was a pretrial motion for which no findings of fact or conclusions of law are necessary, appellant's request was improper. *See Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex.1994); *Johnson v. J.W. Constr. Co.*, 717 S.W.2d 464, 467–68 (Tex. App.—Fort Worth 1986, no writ). This argument is overruled.

### POINT OF ERROR FORTY–ONE

Appellants complain that the *nunc pro tunc* summary judgment was actually an amended summary judgment signed after the instant appeal was perfected and signed after the trial court had lost plenary power. The *nunc pro tunc* summary judgment clarified the name of State and County Mutual (Fire) Insurance Company.

Appellants' counsel labeled the change a clerical error. Rules 306a and 316 of the Texas Rules of Civil Procedure allow the court to make a clerical correction after losing plenary power. With the admission that the error was clerical and not judicial, there is no error. *See Old Republic Ins. Co. v. Scott*, 846 S.W.2d 832 (Tex.1993). Point of error forty-one is overruled.

We overrule appellants' points of error and affirm the judgment of the trial court.