**Walter A. MILLER, Appellant,**

v.

**STATE AND COUNTY MUTUAL FIRE INSURANCE COMPANY, Appellee.**

No. 13–97–705–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 18, 1999.

Rehearing Overruled April 15, 1999.

Rick Fancher, Vaughan Waters, Thornton, Summers, Biechlin, Dunham & Brown, Corpus Christi, for appellee.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

## OPINION

Justice RODRIGUEZ.

In this appeal from the granting of a summary judgment in favor of appellee, State and County Mutual Fire Insurance Company ("State and County Mutual"), appellant Walter A. Miller raises fourteen issues relating to the sufficiency of State and County Mutual's summary judgment evidence establishing its defenses of *res judicata* and collateral estoppel, four issues relating to rulings of the trial court prior to the summary judgment, and two issues which question the propriety of another court's judgment. We reverse and remand.

### FACTUAL BACKGROUND

Miller was insured by State and County Mutual pursuant to a standard Texas personal automobile policy ("the Policy"). Pursuant to a "100% Quota Share Reinsurance Agreement," ("the Reinsurance Agreement"), Windsor Insurance Company[1] ("Windsor") was the reinsurer for State and County Mutual as to the Policy, and Windsor had assumed the obligations of adjusting and settling any claim arising under the Policy.

The events leading up to the present appeal are best delineated by use of a timeline:

| | |
|---|---|
| June 1, 1992 | Miller's car is rear-ended by an underinsured motorist. |
| March 16, 1993 | Miller, *pro se*, notifies State and County Mutual of his potential entitlement to the $100,000 underinsured motorist benefits under the Policy and requests permission from State and County Mutual to settle with the underinsured's carrier, State Farm. |
| March 23, 1993 | Miller is granted permission to settle with State |

Gary Norton, Wood, Boykin & Wolter, Corpus Christi, for appellant.

---

1. Windsor Insurance Company is a part of the Windsor Insurance Group and was formerly known as Southeastern Fidelity Insurance Company.

| | |
|---|---|
| | Farm. The permission was extended in the name of "State and County Mutual Fire Insurance Company (Windsor Group)". |
| July 2, 1993 | Miller's counsel, makes demand on behalf of Miller, his wife, and two children for $300,000, the full per occurrence limit of the Policy. Neither Miller's wife, nor his children, were occupants of the car when the injury occurred. |
| July 8, 1993 | Having previously advanced Miller the sum of $10,000, Windsor tenders the remaining $90,000 per person limit of the Policy. Miller rejects the tender. |
| Sept. 24, 1993 | Windsor files an interpleader and request for declaratory judgment in the 48th Judicial District Court of Tarrant County, Texas (the "Tarrant County Suit").[2] Windsor deposits the sum of $90,000 into the registry of the court. |
| Oct. 15, 1993 | Miller files suit against State and County Mutual in the 214th Judicial District Court of Nueces County, Texas (the "Nueces County Suit").[3] |
| Nov. 29, 1993 | Windsor moves for summary judgment in the Tarrant County Suit. |
| Jan. 14, 1994 | State and County Mutual files a plea in abatement in the Nueces County Suit, asserting the existence of the Tarrant County Suit. |
| Aug. 12, 1994 | The trial court abates the Nueces County Suit pending the outcome of the Tarrant County Suit. |
| Oct. 26, 1994 | The trial court in the Tarrant County Suit enters judgment that (1) Windsor is fully liable for Miller's |

| | |
|---|---|
| | underinsured claim, (2) the applicable policy limits are $100,000, not $300,000, (3) Windsor has paid and deposited such amount into the court's registry, and (4) upon such payment by Windsor, "any and all liability of an insurer" under the Policy has been satisfied. |
| April 25, 1996 | The Fort Worth Court of Appeals affirms the trial court's judgment.[4] |
| March 5, 1997 | The trial court lifts the abatement in the Nueces County Suit. |
| March 27, 1997 | State and County Mutual files a motion for summary judgment in the Nueces County Suit based on its affirmative defenses of *res judicata*, collateral estoppel, compulsory counterclaim, and payment. |
| April 10, 1997 | Miller files his response asserting that, other than the defense of compulsory counterclaim, none of State and County Mutual's affirmative defenses have been pled. |
| April 11, 1997 | State and County Mutual files its second amended original answer pleading the defenses of *res judicata*, collateral estoppel, compulsory counterclaim, and payment. |
| April 17, 1997 | Miller files a motion to strike the second amended original answer as untimely filed. Trial court hears argument on State and County Mutual's motion for summary judgment and overrules Miller's motion to strike. |
| May 30, 1997 | Trial court grants State and County Mutual's motion on the basis of *res ju-* |

2. In the Tarrant County Suit, Windsor sought a declaration that the $90,000 represented its total obligation to Miller and that by tendering this amount, it would be released from all potential liability on account of, or in any way arising out of the policy limits under the Policy.

3. In the Nueces County Suit, Miller alleged that State and County Mutual had failed and refused, and continues to fail and refuse to pay the under-

insured motorists benefits due under the Policy. Miller also asserted extra-contractual claims under the DTPA and insurance code, including statutory claims ancillary to State and County Mutual's alleged failure to pay benefits.

4. *See Miller v. Windsor Ins. Co.,* 923 S.W.2d 91 (Tex.App.—Fort Worth 1996, writ denied) (hereinafter referred to as *Miller I* ).

dicata *and collateral estop-pel.*

### ANALYSIS

In issues four and eleven, Miller claims the evidence is insufficient to establish the affirmative defense of payment. As the trial court did not grant summary judgment on this basis, these issues are moot and we decline to address them. TEX.R.APP. P. 47.1.

In issues twelve, thirteen, and fourteen, Miller complains the summary judgment evidence was insufficient to establish that Windsor had the right and authority to conduct business or act on behalf of State and County Mutual. In issue number three, he asserts the summary judgment evidence was insufficient to establish he and his family had the right to assert a cause of action against Windsor. Claiming he did not have the right to assert any causes of action against Windsor, in issue number nineteen, Miller questions whether the Tarrant County District Court had the authority and jurisdiction to decide claims that were not pleaded, and to grant relief not requested by Windsor.

The crux of Miller's argument under these issues appears to be that because the Reinsurance Agreement was executed by and between Southeastern Fidelity Insurance Company as reinsurer, State and County Mutual, and Texas Moore Group, Inc., and provided that "nothing contained herein shall in any manner create any obligation or establish any right against the reinsurer in favor of any persons not parties to this agreement," Windsor failed to prove it was State and County Mutual's reinsurer. Miller also argues that because he was not a party named in the Reinsurance Agreement, he was not permitted to file a counterclaim against Windsor.

■ Concerning Miller's argument that State and County Mutual failed to prove Windsor was its reinsurer, we are compelled to apply the law of the case doctrine and overrule this contention. "The law of the case" doctrine mandates that the ruling of an appellate court on a question of law raised on

appeal will be regarded as the law of the case in all subsequent proceedings of the same case. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. John Zink Co.,* 972 S.W.2d 839, 845 (Tex.App.—Corpus Christi 1998, writ denied). Matters of law that were disposed of in a former appeal will not again be decided by the court. *Aycock v. State,* 863 S.W.2d 183, 187 (Tex.App.—Houston [14th Dist.] 1993, writ ref'd).

■ In *Miller I,* Miller asserted that Windsor's summary judgment proof was insufficient to establish the reinsurance relationship between Windsor and State and County Mutual. The court of appeals disagreed, stating:

> The summary judgment proof undermines this argument. Affidavits establish Windsor's *reinsurance relationship with* [State and County Mutual], copies of checks from Windsor and payable to [Miller] reference the claim number and local insurance agent, and a letter from [Miller] shows that he made demand for the "policy limit" of "$100,000" from Hank Hobbs, a claims examiner for Windsor. [Miller's] argument that Windsor lacked standing ... rings hollow.

*Miller I,* 923 S.W.2d at 96. Windsor's status as State and County Mutual's reinsurer has been established as a matter of law by the Fort Worth Court of Appeals, and thus, State and County Mutual was not required to re-establish this relationship in the Nueces County Suit.[5]

Miller's argument that he could not file a counterclaim against Windsor due to the restrictive language contained in the Reinsurance Agreement is misplaced. State and County Mutual's compulsory counterclaim argument is not that Miller failed to assert a counterclaim against *Windsor,* but that he failed to assert a cross-action against *State and County Mutual.* For this reason, we decline to address Miller's first issue in which he claims the judgment in the present

---

5. Miller also overlooks "Addendum Number 2" to the Reinsurance Agreement, executed on January 17, 1994 (after the Tarrant County Suit was filed) by State and County Mutual, Southeastern Fidelity Insurance Company, and **Texas Windsor Group**. Thus, contrary to Miller's assertions, Windsor **was** a party to the Reinsurance Agreement at issue.

case required him to assert his extra-contractual claims against Windsor in the Tarrant County Suit.

Issues three, twelve, thirteen, fourteen, and nineteen are overruled.

We turn now to Miller's primary complaint, asserted in his second, fifth, and seventh issues, that the summary judgment evidence was insufficient to establish State and County Mutual's affirmative defense of compulsory counterclaim, particularly in light of State and County Mutual's lack of any request for affirmative relief against Miller in the Tarrant County Suit. We review summary judgment procedures according to the following standards: (1) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Ingersoll–Rand Co. v. Valero Energy Corp.,* 953 S.W.2d 861, 863 (Tex. App.—Corpus Christi 1997, pet. granted).

■ In analyzing issues two, five, and seven, it is important to keep in mind the critical distinction between Miller's classification as a potential ***cross-claimant*** rather than a ***counterclaimant.*** In the Tarrant County Suit, Windsor was the plaintiff, and Miller and State and County Mutual were both defendants. If either Miller or State and County Mutual desired to assert a cause of action against Windsor, that action would have been denominated as a counterclaim. TEX.R. CIV. P. 97(a) ("a pleading shall state as a counterclaim any claim ... against any opposing party"). Not having asserted any request for relief against the other, Miller and State and County Mutual were not opposing parties, but co-parties. Had either Miller or State and County Mutual filed a request for relief against the other, that action would have been denominated as a cross-action. TEX.R. CIV. P. 97(e) ("a pleading may state as a cross-action any claim by one party against

a co-party...."). Because any claims that Miller could have filed against State and County Mutual would have been classified as a cross-action and not a counterclaim, those claims are permissive, not compulsory. TEX.R. CIV. P. 97(e); *Getty Oil Co. v. Insurance Co. of N. Am.,* 845 S.W.2d 794, 800 (Tex.1992). Thus, Miller could have, but was not required to, assert any causes of action against State and County Mutual in the Tarrant County Suit.

*Getty Oil Co.* is directly on point and supports our holding. In that case, Duncan, an independent contractor working for Getty, was killed when a barrel of chemical demulsifier delivered by NL exploded in the vicinity of a Getty well. Duncan's estate and survivors brought wrongful death and survival actions against Getty, NL and its subsidiaries, and others. Getty filed a cross-claim against NL, alleging that NL's negligence proximately caused the injury to Duncan, that the chemicals manufactured by NL were defective, and that NL breached warranties in connection with the sale of the chemicals. Getty also asserted a contractual right of indemnity against NL, and a contribution claim because of NL's negligence. The jury found Getty 100% negligent and grossly negligent in causing the accident. In addition to rendering judgment for Duncan on the jury verdict, the trial court also rendered judgment that "all [c]ross-[a]ctions for contributions and/or indemnity based upon the contracts are denied." *Id.* at 797.

After the judgment was affirmed, Getty filed an insurance claim with NL's insurers. When they refused to honor the claim, Getty sued NL and its primary and excess insurance carriers, Insurance Company of North America and Youell and Companies. Getty alleged that, pursuant to the terms of the contract between it and NL, NL's insurance should cover Getty for its liability in the Duncan suit.

The trial court granted NL's motion for summary judgment on *res judicata.* The court of appeals affirmed, holding that Getty's claims were barred because it was seeking the same relief under a different theory that it unsuccessfully sought in the first suit. The supreme court affirmed the court of

appeals, holding that because Getty had asserted a cross-action against NL in the Duncan suit, it was required to assert in that case all claims it had against NL. *Getty Oil Co.*, 845 S.W.2d at 799–800. In doing so, the supreme court pointed out the distinction between the compulsory nature of counterclaims and the permissive nature of cross-actions:

> We do not hold that a defendant must assert a cross-claim against a co-defendant simply because it arises from the same subject matter as plaintiff's claim. TEX.R. CIV. P. 97(e) clearly makes such a cross-claim permissive; the defendant may assert it, but is not required to. Rule 97(e) comports with the principle that res judicata applies only to adverse parties. Where two parties are aligned in the first action and no issues are drawn between them, the judgment in that action does not preclude later claims between those parties. However, where a defendant does assert a cross-claim against a co-party, they become adverse, and the principles of res judicata apply. The cross-claimant becomes a plaintiff for res judicata purposes, and is required to assert all claims against the cross-defendant arising from the subject matter of the original cross-claim.

*Getty Oil Co.*, 845 S.W.2d at 800 [citations omitted].

Because Miller's causes of action against State and County Mutual were permissive and not compulsory, the trial court erred in granting summary judgment on the basis that Miller's failure to assert these claims in the Tarrant County Suit acted as *res judicata* or collateral estoppel bar to his asserting them in the Nueces County Suit. Issues two, five, and seven are sustained.

Our disposition of these issues makes it unnecessary to address Miller's remaining issues. TEX.R.APP. P. 47.1. The judgment of the trial court is REVERSED and the case REMANDED for a trial on the merits.