**STATE AND COUNTY MUTUAL FIRE INSURANCE COMPANY,**
Petitioner,

v.

**Walter A. MILLER, Respondent.**

No. 99–0501.

Supreme Court of Texas.

Jan. 18, 2001.

Rehearing Overruled March 8, 2001.

---

**22.** *See* Tex.Gov't Code § 22.001(a)(3), (6).

**23.** *Gonzalez v. Avalos,* 907 S.W.2d 443, 444 (Tex.1995).

Rick Francher, Vaughan E. Waters, Thornton, Summers, Biechlin, Dunham & Brown, Corpus Christi, for petitioner.

Gary Norton, Austin, for respondent.

PER CURIAM.

Three lawsuits arose out of a single automobile accident involving an insured, Walter Miller. This case concerns the preclusive effect to be given the final judgment issued in the first of these cases on this, the second case, which Miller filed against his insurance company, State and County Mutual Insurance Company. In the first case ("the *Windsor* suit"), which was a declaratory judgment action, the trial court held that Windsor Insurance Company was the reinsurer of an insurance policy that State and County Mutual had issued to Walter Miller. The court further held that only Windsor was liable to Miller under the policy. This ruling was affirmed on appeal. The trial court in the present case held that the *Windsor*-suit declaratory judgment precluded Miller from asserting causes of action against State and County Mutual relating to the insurance policy and the auto accident. The court of appeals reversed and held that neither res judicata nor collateral estoppel barred Miller's claims against State and County Mutual. 988 S.W.2d 326. Al-

though most of Miller's claims against State and County Mutual involve issues that have already been resolved in a prior suit and are thus barred by collateral estoppel, some of Miller's claims allege that State and County Mutual misrepresented the nature of his insurance policy. With regard to these claims, we affirm the court of appeals' judgment and remand them to the trial court. With regard to the rest of Miller's claims, we reverse the court of appeals' judgment and render judgment that Miller take nothing.

Miller was injured in a car accident with an underinsured motorist. State and County Mutual, the primary insurer of Miller's insurance policy, had a separate reinsurance agreement with Windsor covering that policy.[1] Miller requested permission from Windsor to settle with the underinsured motorist's liability carrier, State Farm, for the applicable $20,000 limit. Windsor gave written permission to Miller to settle his bodily injury claim with State Farm, thereby allowing Miller to submit a claim under his own underinsured-motorist coverage. This permission was given in the name of "State and County Mutual Fire Insurance Company (Windsor Group)." Miller settled with State Farm, and then submitted a written demand to Windsor on behalf of himself, his wife, and their two minor children, for the total sum of $300,000 (the full, per-occurrence limit of the policy).

Windsor advanced $10,000 to Miller for his injuries, and Miller accepted the payment. Windsor then tendered the remaining $90,000 it contended was due under the policy. Miller refused to accept this payment. Windsor then filed an interpleader action in Tarrant County (the "*Windsor*

suit"), seeking a declaration that the policy only entitled Miller to $100,000, and that the $90,000 payment-coupled with the $10,000 previously paid-would release Windsor from all liability under the policy. The trial court granted Windsor's motion for summary judgment and rendered judgment that Windsor was fully liable for Miller's underinsured claim in the amount of $100,000 (not the $300,000 Miller had previously demanded). The Second Court of Appeals affirmed, and this Court denied Miller's application for writ of error. *Miller v. Windsor Ins. Co.*, 923 S.W.2d 91, 97 (Tex.App.—Fort Worth 1996, writ denied).

While the *Windsor* suit was in the trial court in Tarrant County, Miller filed this suit in Nueces County against State and County Mutual, asserting various theories such as delay in payment and DTPA violations. The Nueces County suit was abated because of the pending *Windsor* suit. After the trial court rendered judgment in the *Windsor* suit, the trial court in this case granted summary judgment for State and County Mutual based on res judicata and collateral estoppel. The court of appeals reversed, holding that (1) any claims Miller could have filed against State and County Mutual in the *Windsor* suit would have been permissive cross-claims, not compulsory counterclaims, and therefore neither res judicata nor collateral estoppel bars Miller's claims in this case; and (2) the "law of the case" doctrine prevents the court from considering whether Windsor was State and County Mutual's reinsurer on this policy.

Both State and County Mutual and Miller filed petitions for review. State and County Mutual argues that the final judgment in the *Windsor* suit bars Miller's

---

1. Miller disputes that Windsor was the reinsurer of his insurance policy. That issue, however, has already been determined by a final judgment in the prior declaratory judgment action. *See Miller v. Windsor Ins. Co.*, 923 S.W.2d 91, 94 (Tex.App.—Fort Worth 1996, writ denied).

claims in this case under the doctrines of collateral estoppel, res judicata, and compulsory counterclaim. Miller responds that neither res judicata nor collateral estoppel applies because the issues in this case are different from the issues adjudicated in the *Windsor* suit, and that any claims he had against State and County Mutual at the time Windsor brought the declaratory judgment action were permissive cross-claims that were not required to be asserted in that case. In his petition for review, Miller asserts that the court of appeals erred by applying the "law of the case" doctrine to hold that Windsor was in fact the reinsurer of his policy.

■ Res judicata, also known as claim preclusion, prevents the relitigation of a finally-adjudicated claim and related matters that should have been litigated in a prior suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). Texas follows the transactional approach to res judicata. *Id.* at 630. This approach mandates that a defendant bring as a counterclaim any claim arising out of the transaction or occurrence that is the subject matter of the opposing party's suit. *Id.* But when the parties are co-parties rather than opposing parties, the compulsory counterclaim rule and res judicata only act as a bar to a co-party's claim in a subsequent action if the co-parties had "issues drawn between them" in the first action. *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex.1992). For the purposes of res judicata, co-parties have issues drawn between them and become adverse when one co-party files a cross-action against a second co-party. *See id.*

■ In the *Windsor* declaratory judgment action, Windsor was the plaintiff and State and County Mutual and Miller were defendants. As a result, Miller and State and County Mutual were co-parties in the

*Windsor* suit. Therefore, if either Miller or State and County Mutual had filed a cross-action against the other in the *Windsor* suit, any claims arising from the same transaction or occurrence that was the subject matter of the cross-action would be barred by res judicata if not filed in the same suit. *See id.* ("The cross-claimant becomes a plaintiff for res judicata purposes, and is required to assert all claims against the cross-defendant arising from the subject matter of the original cross-claim."). Although Miller or State and County Mutual could have filed a cross-action against the other in the *Windsor* suit, neither party chose to, nor were they required to do so. *See* Tex.R.Civ.P. 97(e) (providing that cross-claims against otherwise non-adverse parties are permissive, not compulsory); *see also Getty Oil*, 845 S.W.2d at 800. Because State and County Mutual did not file a cross-action in the *Windsor* suit, Miller was not required to assert a claim against State and County Mutual in that suit. Thus, Miller and State and County Mutual were not adverse in the *Windsor* suit, and res judicata does not bar Miller from asserting his claims here.

■ The trial court in this case also granted State and County Mutual's summary judgment motion on the basis of collateral estoppel, but the court of appeals reversed and held that collateral estoppel does not bar Miller from asserting his claims in this case. When asserted against a party who was actually a party in the first action, the doctrine of collateral estoppel bars relitigation of fact issues that were fully and fairly litigated and that were essential to the prior judgment. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 519 (Tex. 1998). The issue decided in the prior action must be identical to the issue in the pending action. *Getty Oil*, 845 S.W.2d at

802. Because Miller was actually a party in the *Windsor* suit, collateral estoppel will bar Miller's claims against State and County Mutual in this case if (1) the fact issues underlying his claims were fully and fairly litigated in the *Windsor* suit, (2) those factual findings were essential to the *Windsor* suit judgment, and (3) the issues decided in the *Windsor* suit are identical to those in the pending action.

 Under general reinsurance law, a policyholder may not bring any direct claims against a reinsuring company. Absent an agreement creating direct liability in the reinsurer, all claims under the policy must be asserted against the original insurance company. *See* Tex.Ins.Code art. 5.75–1(g) ("A person does not have any rights against a reinsurer that are not specifically set forth in the contract of reinsurance or in a specific agreement between the reinsurer and the person."); *see also Malaysia British Assurance v. El Paso Reyco, Inc.*, 830 S.W.2d 919, 921 (Tex.1992) ("If, as in this case, the reinsurance contract allows only the reinsured company to bring a claim against the reinsurer, the original insureds have no basis for a claim against the reinsurer."). Even though Miller should have contacted State and County Mutual, not Windsor, regarding payment of his claim, Miller corresponded with Windsor throughout the initial stages of the claims process, both seeking and accepting partial payment directly from Windsor. Yet when Windsor attempted to pay the remaining balance due under the policy, Miller refused to accept, forcing Windsor to file suit for a legal determination of Miller's rights and Windsor's liability under the policy.

The focus of the *Windsor* suit involved the extent to which Windsor—the reinsurer of the policy—was obligated to pay under the terms of the policy. Because Windsor's liability to Miller was derivative of and coexisted with State and County Mutual's liability to Miller, to the extent that obligations under the policy were litigated in the *Windsor* suit, Miller is now collaterally estopped from relitigating those issues. The trial court in the *Windsor* suit declared that, after Windsor paid Miller a total of $100,000, "any or all liability of an insurer under the terms and provisions of the said insurance policy, for damages caused by or resulting from the collision of June 1, 1994[sic] ... shall be deemed to have been fully satisfied, in accord with the policy's per person limit." Consequently, both Windsor's and State and County Mutual's liability under the policy was fully and fairly litigated in the *Windsor* suit, and the court's factual finding that only Windsor was liable to Miller under the policy was essential to the court's judgment. These issues are identical to Miller's claims in this case involving allegations that State and County Mutual has not made a timely and full payment under the policy. Thus, after comparing the issues decided in the *Windsor* suit with the issues involved in the present case, we hold that Miller is collaterally estopped from asserting any claims regarding liability under the policy.

 However, Miller has also asserted extra-contractual claims against State and County Mutual that do not directly involve the question of liability under the policy. Rather, these claims concern State and County Mutual's conduct in issuing the policy and handling Miller's claim. For example, Miller's petition alleges that State and County Mutual:

(1) represented that the Personal Auto Policy had characteristics and benefits which it did not have under the circumstances that State and County Mutual has failed to perform its duties; and

(2) represented that State and County Mutual's services were of a particular

standard, quality or grade contrary to its failures of performance of its duties. While Windsor has been legally determined to be the only company liable under the insurance policy, whether State and County Mutual made these alleged misrepresentations is a different issue. Whatever the policy actually covers has already been determined by the judgment in the *Windsor* suit: Windsor is responsible for and has already tendered the actual amount owed under the policy. But whether State and County Mutual misrepresented the policy's coverage or made other misrepresentations has not yet been determined. We express no opinion with regard to the merit of these extra-contractual claims; we simply affirm the court of appeals' judgment and remand them to the trial court for consideration in light of this opinion.

The court of appeals also held that the "law of the case" doctrine prevented it from considering whether Windsor was State and County Mutual's reinsurer. Miller alleges that this conclusion is erroneous because "[t]he 'law of the case' doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages," and this case is not a "subsequent stage" of the *Windsor* suit. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986). We agree but hold that the court of appeals is nonetheless precluded from deciding whether Windsor was State and County Mutual's reinsurer based on the doctrine of collateral estoppel. Whether Windsor was the reinsurer of Miller's policy at the time of the accident is an issue that was finally resolved in the *Windsor* suit. Accordingly, we affirm the court of appeals' conclusion but for a different reason: collateral estoppel, not the "law of the case," prevents the court of appeals from deciding this issue.

Because Miller has not had a full and fair litigation of the extra-contractual claims, he is not barred from asserting them in this suit. But collateral estoppel does bar Miller from suing State and County Mutual regarding liability under the same policy that was the subject matter of the *Windsor* suit.

Pursuant to Texas Rule of Appellate Procedure 59.1 and without hearing oral argument, we reverse in part the court of appeals' judgment and render judgment that Miller take nothing with regard to all claims asserted in this cause of action except for those asserting misrepresentation, which we remand to the trial court for further consideration in accordance with this opinion.