# NO. 12-12-00374-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE ESTATE OF* | § | *APPEAL FROM THE* |
| *RUBY RENEE BYROM,* | § | *COUNTY COURT* |
| *DECEASED* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jerry Byrom appeals from the county court's order for the sale of real property and appointment of a receiver. In one issue, he contends the county court erred in imposing a constructive trust on his homestead property and ordering its sale to pay guardian's fees, accounting fees, attorney's fees, and the interest thereon. We affirm.

## BACKGROUND[1]

Jerry Byrom was appointed executor of the estate of his mother, Ruby Renee Byrom. In June 2005, Roy Anderson, the temporary guardian of Mrs. Byrom's estate prior to her death, filed a $31,992.75 claim against her probate estate for temporary guardian's fees and attorney's fees. Byrom rejected the claim. Byrom also filed an inventory and appraisement of Mrs. Byrom's estate. Anderson objected to the inventory claiming that Byrom had omitted assets that existed at Mrs. Byrom's death.

On July 1, 2008, the county court removed Byrom as executor citing gross mismanagement, misappropriation of funds, and gross misconduct. On August 10, 2009, the county court granted the joint request of Anderson and Duane Coker[2] to impose a constructive trust on Byrom's home constructed with estate funds. The court ordered Byrom to pay

---

[1] For a somewhat more extended recital of the procedural history of this case, see *In re Estate of Byrom*, No. 12-09-00279-CV, 2011 WL 590588 (Tex. App.–Tyler Feb. 16, 2011, pet. denied) (mem. op.).

[2] Coker was the attorney ad litem for Mrs. Byrom in the guardianship proceeding.

$200,000.00 into the court's registry within thirty days. If Byrom failed to comply with the court's order, his home was to be sold to satisfy the estate's debts.

Byrom appealed the order to this court asserting, *inter alia*, that he had no legal notice of the hearing that resulted in the order impressing a constructive trust on his homestead. *See **In re Estate of Byrom***, No. 12-09-00279-CV, 2011 WL 590588, at \*5 (Tex. App.–Tyler Feb. 16, 2011, pet. denied) (mem. op.). Byrom also maintained that the county court exceeded its authority in imposing a constructive trust on his homestead and conditionally ordering its sale. *See id*. at \*6. In all respects pertinent to this appeal, the judgment was affirmed.

On September 4, 2012, the county court ordered the sale of part of Byrom's property, and Byrom appealed.

## THE COUNTY COURT'S ORDER

In his sole issue, Byrom contends the county court erred in imposing a constructive trust on his homestead property and ordering its sale to pay guardian's fees, accounting fees, attorney's fees, and the interest thereon. Anderson argues that Byrom's complaints are barred by res judicata. We agree.

### Applicable Law

The homestead of a family or of a single adult person is exempt from forced sale for the payment of all debts except for those classes of indebtedness enumerated in Article 16, Section 50(a) of the Texas Constitution. However, "[i]t has long been decided that [the] homestead and exemption laws of this State were never intended to be, and cannot be, the haven of wrongfully obtained money or properties." ***Baucom v. Texam Oil Corp.***, 423 S.W.2d 434, 442 (Tex. Civ. App–El Paso 1967, writ ref'd n.r.e.). "[T]he homestead protection afforded by the Texas Constitution was never intended to protect stolen funds. ***Bransom v. Standard Hardware***, 874 S.W.2d 919, 928 (Tex. App.–Fort Worth 1994, writ denied).

Res judicata bars assertion of a claim in a later case when (1) there is a prior final determination on the merits in a court of competent jurisdiction, (2) the parties in the second action are the same or in privity with those in the first action, and (3) the second action is based on the same claims as were raised or could have been raised in the first action. ***Travelers Ins. Co. v. Joachim***, 315 S.W.3d 860, 862 (Tex. 2010). Res judicata precludes the relitigation of claims that were finally adjudicated "as well as related matters that, with the use of diligence,

2

should have been litigated in the prior suit." ***Barr v. Resolution Trust Corp***., 837 S.W.2d 627, 628 (Tex. 1991).  Texas follows the transactional approach to res judicata barring claims arising out of the transaction or occurrence that is the subject matter of the first suit.  ***State & Cnty. Mut. Fire Ins. Co. v. Miller,*** 52 S.W.3d 693, 696 (Tex. 2001).

**Discussion**

Byrom contends that the trial court erred in imposing a constructive trust on property he claims as homestead and in ordering the sale of that property.  Byrom raised these same issues in the prior proceeding between the same parties and arising out of the same facts.  This court ruled adversely to Appellant on both claims.  *See **In re Estate of Byrom***, 2011 WL 590588, at \*7.  Therefore, the doctrine of res judicata bars the relitigation of Byrom's claims.

Moreover, the record indicates that sometime during the course of the litigation, Byrom admitted that, while executor, he paid for the construction of the home on the subject property with money from his mother's estate.  Byrom was removed as executor for misappropriation of funds and gross misconduct.  Now, apparently, the estate has no money to pay the claims against the estate.  Byrom wrongfully used the estate's money to construct the home he now claims as homestead.  The homestead law does not protect property or funds obtained with money misappropriated by a fiduciary.  *See **Baucom***, 423 S.W.2d at 442; ***Bransom***, 874 S.W.2d at 928.

Appellant's sole issue is overruled.

### DISPOSITION

The judgment of the trial court is ***affirmed***.

### BILL BASS
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

3

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2013**

**NO. 12-12-00374-CV**

**IN THE ESTATE OF RUBY RENEE BYROM, DECEASED**

Appeal from the County Court
of Cherokee County, Texas. (Tr.Ct.No. 10745)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **JERRY BYROM**, for which execution may issue, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*