

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00657-CV

**DTND SIERRA INVESTMENT, LLC**,
Appellant

v.

**HSBC BANK USA, NATIONAL ASSOCIATION**,
as Successor Trustee to Wells Fargo Bank, N.A.,
as Trustee for Bear Stearns Mortgage Funding Trust 2006-AC1,
Asset-Backed Certificates, Series 2006-AC1,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-00165
Honorable Richard Price, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Karen Angelini, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: June 15, 2016

AFFIRMED

DTND Sierra Investment, LLC appeals a summary judgment entered against it in the underlying cause. The summary judgment declared DTND's lien on certain real property to be subordinate to a lien held by appellee, HSBC Bank USA, National Association, as Successor Trustee to Wells Fargo Bank, N.A., as Trustee for Bear Stearns Mortgage Funding Trust 2006-AC1, Asset-Backed Certificates, Series 2006-AC1, and will be extinguished upon foreclosure of HSBC's lien. DTND contends the trial court erred in granting the summary judgment because:

(1) HSBC's claims were barred by res judicata and collateral estoppel; and (2) HSBC's declaratory relief claim in its motion for summary judgment was not supported by its petition. DTND also contends HSBC did not allege a claim involving a justiciable controversy. We affirm the trial court's judgment.

## BACKGROUND

In 2006, Wayne Crews entered into a loan to purchase a home by executing a note and deed of trust. The note and deed of trust were subsequently assigned to HSBC.

Crews's home was subject to the Declarations of Covenants, Conditions and Restrictions of the Shaenfield Association, Inc. Homeowners Association. The HOA Declarations subordinate any HOA assessment lien to "any vendor's lien or deed of trust lien now of record or which may hereafter be placed of record against any lot covered hereby and/or improvements located thereon." In 2011, Crews defaulted in paying his HOA assessments, and the HOA conducted a foreclosure sale at which the HOA purchased the property. The Trustee's Deed Following Foreclosure granted Crews's property to the HOA "subject to each and every superior lien and encumbrance." The HOA subsequently deeded the property to DTND.

In 2015, HSBC filed the underlying lawsuit against Crews and DTND, alleging Crews was in default under the note and deed of trust. The petition also alleged DTND claimed to hold an interest in the property. The petition sought to judicially foreclose HSBC's lien on the property and to divest the defendants of any right, title and interest in the property after the foreclosure.

HSBC subsequently filed a motion for a default judgment against Crews and a motion for summary judgment against DTND. In its summary judgment motion, HSBC requested a declaratory judgment "that DTND's lien is junior to that of HSBC and will [be] extinguished by foreclosure of HSBC's senior lien." HSBC attached a series of documents to its motion as

evidence that its lien was senior, including the Declarations, the Trustee's Deed Following Foreclosure, and the Special Warranty Deed from the HOA to DTND.

DTND filed a response to the motion for summary judgment, asserting HSBC's claim against it was barred by res judicata and collateral estoppel. DTND attached to its response an order issued by a federal court in a lawsuit filed by DTND against HSBC seeking to enjoin a non-judicial foreclosure sale noticed by HSBC. In the lawsuit, DTND alleged it should have been given the opportunity to cure the default on the loan before HSBC scheduled a foreclosure sale. After the lawsuit was removed to federal court, HSBC filed a motion to dismiss and a motion for sanctions. After finding DTND's claims to be meritless, the federal court granted HSBC's motion to dismiss and awarded HSBC sanctions. DTND relied on this prior order as the basis for its assertion of res judicata and collateral estoppel.

After a hearing, the trial court entered an order granting the default and summary judgment. As previously noted, the trial court's judgment declared DTND's lien to be subordinate to HSBC's lien and that DTND's lien would be extinguished upon the foreclosure of HSBC's lien. DTND appeals.

## JUSTICIABLE CONTROVERSY

DTND contends the trial court and this court lack subject matter jurisdiction because HSBC's claims do not present a justiciable controversy. We disagree.

If a party lacks standing, a court does not have subject matter jurisdiction to hear a case. *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d 234, 242 (Tex. App.—San Antonio 2012, pet. denied). "A determination of standing focuses on whether a party has a 'justiciable interest' in the outcome of the lawsuit." *Id*. "[F]or a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought." *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). "As a component

of subject matter jurisdiction, standing is a question of law reviewed de novo." *City of San Antonio*, 383 S.W.3d at 242.

Rule 309 of the Texas Rules of Civil Procedure expressly permits a mortgagee to request a judicial foreclosure. TEX. R. CIV. P. 309. Furthermore, any person whose rights or status is affected by a deed or contract may file a declaratory judgment claim to have determined any question of construction arising under the deed or contract and obtain a declaration of the person's rights or status. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2015). In this case, HSBC sought a judicial foreclosure and a declaration regarding its superior lien under the terms of the HOA Declarations. Both claims constituted real controversies regarding HSBC's right to foreclose and the superiority of its lien that would be resolved by the judicial relief sought.

DTND argues the superiority of HSBC's lien was resolved in a prior lawsuit; therefore, no real controversy exists regarding HSBC's lien status. In support of this argument, DTND refers to two federal court orders. One of those orders, however, is not contained in the appellate record but is only included in an appendix to DTND's brief. This court must decide a case based on the appellate record as filed and cannot consider documents attached as exhibits or appendices to briefs. *Myer v. Cuevas*, 119 S.W.3d 830, 836 (Tex. App.—San Antonio 2003, no pet.) (quoting *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ denied)). The only federal court order contained in the appellate record dismisses claims DTND asserted against HSBC under the Texas Deceptive Trade Practices – Consumer Protection Act and the Texas Debt Collection Act in a separate lawsuit. That court order does not, however, address the HOA Declarations or the superiority of HSBC's lien.

## RES JUDICATA/COLLATERAL ESTOPPEL

In its first issue, DTND contends HSBC's claim is barred by the doctrines of res judicata and collateral estoppel. DTND again refers to the two federal court orders as the basis for its

contention. As previously noted, this court can only address the federal court order contained in our appellate record. *Myer*, 119 S.W.3d at 836.

"The doctrine of res judicata, or claim preclusion, bars a second action by parties and their privies on matters actually litigated in a previous suit, as well as claims which, through the exercise of diligence, could have been litigated in a prior suit." *Hallco Tex., Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2006) (internal citations omitted). "We apply the transactional approach to res judicata." *Id.* "This approach mandates that a defendant bring as a counterclaim any claim arising out of the transaction or occurrence that is the subject matter of the opposing party's suit." *State & Cty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001).

"[T]he doctrine of collateral estoppel bars relitigation of fact issues that were fully and fairly litigated and that were essential to the prior judgment." *Id.* "The issue decided in the prior action must be identical to the issue in the pending action." *Id.*

We hold that neither of the doctrines applies in the instant case. Res judicata is inapplicable because the transaction or occurrence that was the subject matter of the prior federal lawsuit was a non-judicial foreclosure, while the underlying lawsuit relates to a judicial foreclosure. Moreover, the federal court's order only addressed the fact that DTND was not entitled to notice of an opportunity to cure Crews's default. The order did not decide any issue regarding lien superiority. Accordingly, DTND's first issue is overruled.

### PETITION V. MOTION FOR SUMMARY JUDGMENT

DTND finally asserts the trial court erred in granting declaratory relief in favor of HSBC because HSBC's petition did not allege a declaratory judgment claim against DTND. In its brief, however, DTND concedes "[t]he Appellee's Motion for Summary Judgment sought declaratory relief and asked the Court to render a judgment against Appellant holding that Appellant's lien

was junior to the Appellee's lien and that the Appellant's lien would be extinguished by foreclosure of the superior interest."

If a summary judgment motion moves for relief on an unpled claim, "the claim is deemed to have been tried by consent in the absence of an objection by [the non-movant] to the lack of a supporting pleading." *Banner Sign & Barricade, Inc. v. Price Const., Inc.*, 94 S.W.3d 692, 695 (Tex. App.—San Antonio 2002, pet. denied) (citing *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494-95 (Tex. 1991)).  In this case, DTND never objected to the absence of a supporting pleading.  Accordingly, the declaratory judgment claim was tried by consent.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice