**COMPASS EXPLORATION, INC., Appellant,**

v.

**B–E DRILLING COMPANY and Ray E. Eubank, Appellees.**

No. 10–00–301–CV.

Court of Appeals of Texas, Waco.

Oct. 10, 2001.

Jerry C. Hanson, Palestine, for appellant.

J. Clinton Schumacher, Locke, Liddell & Sapp, L.L.P., Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Compass Exploration, Inc. ("Compass") hired B–E Drilling Company ("B–E") to drill a well on property in Leon County leased by Compass. Ray H. Eubank signed the contract for B–E. There were provisions in the contract about when B–E would be held responsible if the drilling went amiss and the hole was lost. According to the provisions, if the hole deviated from true vertical by more than two degrees between any two periodic tests for vertical, and an event happened during drilling which caused the hole to be abandoned, B–E would be responsible.

The hole was drilled to approximately 12,000 feet. However, when the drill pipe was being extracted, it became stuck and eventually broke off in the hole. Consequently, the well was abandoned. Tests for true vertical had been conducted which indicated the hole may have been more than two degrees off. Compass refused to make full payment under the contract. Accordingly, B–E sued Compass in Dallas County for breach of contract and suit on a sworn account. Compass did not counter-sue or challenge venue. The suit in Dallas County was tried to the court which ruled in Compass's favor, finding that B–E failed to prove it met the drilling specifications in the contract. A take-nothing judgment was issued against B–E. No appeals were taken.

While the suit in Dallas County was pending, and before trial, Compass filed the present suit in Leon County, claiming breach of contract and negligence. After the judgment in the Dallas County suit, B–

E filed a motion for summary judgment in the Leon County suit, asserting that Compass's claims (1) should have been brought as compulsory counterclaims in the Dallas County suit, and (2) were barred by res judicata. Compass responded that a mandatory venue statute required its claims to be brought in Leon County. The trial court granted the motion, and Compass appeals.

Compass's response to the motion for summary judgment, and its complaint on appeal, are that the mandatory venue rule in section 15.011 of the Civil Practices and Remedies Code (1) requires that its claims be brought in Leon County, and (2) trumps the compulsory counterclaim rule in Rule 97(a) of the rules of procedure. TEX. CIV. PRAC. & REM.CODE ANN. § 15.011 (Vernon Supp.2001); TEX.R. CIV. P. 97(a). These provisions read:

§ 15.011.   Land

Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

Rule 97. Counterclaim and Cross–Claim

(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdic-

tion; provided, however, that a judgment based upon a settlement or compromise of a claim of one party to the transaction or occurrence prior to a disposition on the merits shall not operate as a bar to the continuation or assertion of the claims of any other party to the transaction or occurrence unless the latter has consented in writing that said judgment shall operate as a bar.

### Standard of Review

A party filing a motion for summary judgment must prove by summary-judgment evidence that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion." TEX.R. CIV. P. 166a(c); *e.g., Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Delta Air Lines, Inc. v. Norris,* 949 S.W.2d 422, 425 (Tex.App.—Waco 1997, writ denied). We must resolve all doubts and indulge every reasonable inference in favor of the non-movant. *Nixon,* 690 S.W.2d at 549; *Delta Air Lines,* 949 S.W.2d at 425. A summary judgment is reviewed *de novo. E.g., Rucker v. Bank One Texas, N.A.,* 36 S.W.3d 649, 653 (Tex.App.—Waco 2000, pet. filed).

### Section 15.011

Compass argues that section 15.011 requires the suit to be brought in Leon County, and therefore the Dallas court was without jurisdiction and its judgment is void. Compass says section 15.011 is a jurisdictional statute. However, it presents no authority for this argument. It is axiomatic that "venue" provisions do not confer "jurisdiction." Furthermore, the district court in Dallas County had jurisdiction to hear Compass's claims, just as the district court in Leon County did. TEX. CONST. art. V, § 8 (District courts

have "original jurisdiction ... of all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest ...."); *see also* TEX. GOV'T CODE ANN. § 24.007 (Vernon 1988). As for venue, if Compass wanted to object to venue in Dallas County, it should have raised the issue in the Dallas County suit by a motion to transfer venue. There is no indication in the record that it did, and therefore it waived this complaint. TEX.R. CIV. P. 86(1).

In addition, B–E's claims do not fall under section 15.011, which by its express wording does not pertain to B–E's breach-of-contract action for damages from non-payment for services performed under the contract. Therefore, absent a venue challenge by Compass, B–E could prosecute its suit in Dallas County. And "[v]enue of the main action shall establish venue of a counterclaim, cross claim, or third-party claim properly joined under the Texas Rules of Civil Procedure or any applicable statute." TEX. CIV. PRAC. & REM.CODE ANN. § 15.062 (Vernon Supp.2001).

Section 15.011 possibly could have controlled venue, but only if Compass had filed its Leon County suit first. Because it did not, and for the reasons just stated, section 15.011 does not defeat the summary judgment.

### Rule 97(a)

Rule 97(a) by its express wording requires all claims "aris[ing] out of the transaction or occurrence that is the subject matter of the opposing party's claim" to be brought as counterclaims to the pending suit. A counterclaim is compulsory if: (1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the action is mature and owned by the pleader at the time of filing the answer;

(4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex.1988). "A defendant's failure to assert a compulsory counterclaim precludes its assertion in later actions." *Id.*

None of *Wyatt* elements 1, 2, 3, 5, and 6 are in dispute. As for element 4, to determine whether or not a defendant's claim "arises out of the transaction or occurrence that is the subject matter of the [plaintiff's] claim," some courts have used a "logical relationship" test. *E.g., Williams v. National Mortg. Co.*, 903 S.W.2d 398, 404 (Tex.App.—Dallas 1995, writ denied); *Klein v. Dooley*, 933 S.W.2d 255, 259 (Tex.App.—Houston [14th Dist.] 1996), *rev'd on other grounds*, 949 S.W.2d 307 (1997). "When the same facts ... are significant and logically relevant to the various causes of action, the 'logical relationship' test is satisfied." *Williams*, 903 S.W.2d at 404 (citing *Jack H. Brown & Co. v. Northwest Sign Co.*, 718 S.W.2d 397, 400 (Tex.App.—Dallas 1986, writ ref'd n.r.e.)).

It is undisputed that both suits pertained to B–E's drilling the well and the loss of the hole, and that performance under the contract was at issue in both suits. We conclude that Compass's claims in the Leon County suit were compulsory counterclaims in the Dallas County suit which were forfeited when Compass did not file them as such.

### Res Judicata

A related principle is res judicata, or claim preclusion. It "prevents the relitigation of a finally-adjudicated claim and related matters that should have been litigated in a prior suit." *State and County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001); *Barr v. R.T.C.*, 837 S.W.2d 627, 628–31 (Tex.1992). Its elements are: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties in each action; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996). Elements 1 and 2 are not in dispute. To analyze what claims "could have been raised in the first action," Texas follows the "transactional" approach of the Restatement of Judgments. RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982); *Miller*, at 696; *Barr*, 837 S.W.2d at 631. Section 24(2) states: "What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." "A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Barr*, 837 S.W.2d at 631. Unpled defendant's counterclaims are included among the claims which are barred. *Miller*, at 296.

Again, it is not in dispute that breach of the contract and the events surrounding the loss of the hole were the subjects of both the Dallas County and Leon County suits. Therefore, under res judicata, Compass's claims for breach of contract and negligence could not be litigated in another suit after the Dallas court's judgment.

### Conclusion

We agree with B–E that under either Rule 97 or res judicata, by not filing its

claims as counterclaims in the Dallas County suit, Compass forfeited them. There were, no facts or legal questions in dispute to prevent the summary judgment. Therefore, the trial court did not err in granting it.

### Summary Judgment Affidavit

■ Compass has a residual point of error complaining that a summary judgment affidavit filed by B–E and signed by Appellant Ray H. Eubank was improper, because he signed it in the capacity of President of Sunshine Circle Drilling Company, whereas he signed the drilling contract in the capacity of Managing Partner of B–E. Compass presents no authority to support its complaint, and we find no merit to it. The issue is overruled.

### Damages for Frivolous Appeal

■ B–E has filed a "Motion for Damages for Frivolous Appeal" under rule of appellate procedure 45. TEX.R.APP. P. 45. The rule is entitled "Damages for Frivolous Appeals in Civil Cases," and states: "If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals." Rule 45 replaces the former Rule 84, "Damages for Delay in Civil Cases," which applied "where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause." A showing of "bad faith" was required. *E.g., Tate v. E.I. Du Pont de Nemours & Co.*, 954 S.W.2d 872, 875 (Tex.App.—Houston [14th Dist.] 1997, no pet.). Under the new rule, "bad faith" is not required. *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex.App.—

Houston [1st Dist.] 2001, no pet. h.); *Mid–Continent Cas. v. Safe Tire Disposal*, 2 S.W.3d 393, 397 (Tex.App.—San Antonio 1999, no pet.). However, it may be relevant in determining the amount of damages. *Brown*, 51 S.W.3d at 381.

Courts have considered several factors in concluding an appeal is frivolous. Damages have been awarded when, looking at the record from the viewpoint of the appellant, there was no reasonable expectation of reversal. *Id.* at 381. In *Brown*, the appellant filed a subsequent suit after a declaratory judgment already decided the pertinent issues. The appeals court found the suit barred under res judicata, and awarded $5,000 in damages, declaring: "Smith is a vexatious litigant," and "[no] reasonable attorney could fail to conclude this court would uphold the trial court's summary judgment." *Id.* at 382 (citing *Mid–Continent*, 2 S.W.3d at 397).

Other courts have used the *Brown* standard, but have kept the "bad faith" requirement. *Chapman v. Hootman*, 999 S.W.2d 118, 124–25 (Tex.App.—Houston [14th Dist.] 1999, no pet.) (The court found unsupported legal arguments with no cited authority, noted that the appellant did not respond to the request for damages, and awarded $5,000 in damages.); *Parker v. State Farm Mutual Auto. Ins. Co.*, 4 S.W.3d 358, 364–66 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (The court awarded $2,500 in damages, stating the appellant did not "raise[ ] well-researched, arguable issues," and "show[ed] a conscious indifference to settled rules of law.").

Damages have also been awarded when an appeal is objectively frivolous and injures the appellee. *Mid–Continent*, 2 S.W.3d at 397. Mid–Continent filed a declaratory judgment action seeking to relitigate issues already decided in another case. *Id.* The trial court granted a sum-

mary judgment based on collateral estoppel. On appeal, the San Antonio court awarded $5,000 in damages because "[n]o reasonable attorney could fail to conclude this court would uphold the trial court's summary judgment . . . ." *Id.*

One Houston court has also considered whether the appellant has legitimately argued for a change in the law, or rather has merely presented his distorted version of the law. *Swate v. Crook,* 991 S.W.2d 450, 456 (Tex.App.—Houston [1st Dist.] 1999, pet. denied).

 In the present case, we note the following:

- Compass cited no authority supporting its assertion that section 15.011 is a jurisdictional statute. In fact, the jurisdictional argument is plainly wrong, as any reasonable attorney should know.
- Compass cited no authority supporting its assertion that Eubank's summary judgment affidavit was improper.
- Compass made no reasonable argument that its claims were not compulsory counterclaims.
- Compass presented no argument or authority that any law applicable to this case should be changed.
- In its entire brief, Compass cites to only two cases, one statute, and one rule of civil procedure.
- Compass did not respond to the motion for damages.
- Compass did not request oral argument.
- Compass's brief had to be returned when originally filed for violation of local rule 14 requiring that the appendix be bound with the brief.

"A party's decision to appeal should be based on professional judgment made after careful review of the record for preserved error in light of the applicable standards of review." *Chapman,* 999 S.W.2d at 125. We conclude Compass had no reasonable expectation of reversal, and its appeal is frivolous. Therefore, we grant the motion.

## CONCLUSION

We affirm the summary judgment. We also order Compass to pay B–E "just damages" of $2,500.