See also 36 S.W.3d 278 (Tex.App.-Waco 2001), 62 S.W.3d 257 (Tex.App.-Waco 2001)

**Sue WALSTON, Appellant,**

v.

**Larry WALSTON, Appellee.**

**No. 10–02–043–CV.**

Court of Appeals of Texas, Waco.

Aug. 29, 2003.

Sue Walston, Waco, pro se.

Vance Dunnam, Dunnam & Dunnam, L.L.P., Waco, for appellee.

Before Justice VANCE, Justice GRAY, and Senior Justice HILL (Sitting by assignment).

## OPINION

TOM GRAY, Justice.

Sue Walston appeals from the trial court's "Third Final Decree of Divorce." Because we hold that the trial court erred in denying her request for a jury trial, we reverse the judgment and remand for a new trial consistent with this opinion.

## Background

This is the third time this case has been before the Court on direct appeal. *Walston v. Walston,* No. 10–94–169–CV & No. 10–94–251–CV (Tex.App.-Waco June 14, 1995, writ denied) (not designated for publication); *Walston v. Walston,* 971 S.W.2d 687 (Tex.App.-Waco 1998, pet. denied). There have been several related mandamus proceedings and some ancillary litigation as well.[1] Complete procedural histories of the first and second appeals can be found at *Walston,* 971 S.W.2d at 690–91. Throughout this entire process Sue has represented herself.

*Summary of First Appeal*

Larry and Sue Walston were married January 17, 1986, and they were divorced on January 11, 1994. Sue appealed from the Final Decree of Divorce and we severed that portion of the judgment declaring the parties' property interests. We rendered judgment that their Cessna 414 is 50% Larry's separate property and 50% Sue's separate property. We also concluded that the trial court had erred in characterizing certain identified property as separate and rendered judgment that it was community property. We remanded the

1. *Walston v. Walston,* No. 10–94–251–CV (Tex.App.-Waco Jan. 30, 1995, order) (not designated for publication); *Walston v. Walston,* No. 10–94–251–CV (Tex.App.-Waco Feb. 22, 1995, order) (not designated for publication); *Walston v. Walston,* No. 10–96–260–CV (Tex.App.-Waco Dec. 23, 1997, order) (not designated for publication); *Walston v. Walston,* No. 10–96–260–CV (Tex. App.-Waco Feb. 11, 1998, order) (not designated for publication); *In re Walston,* No. 10–97–321–CV (Tex.App.-Waco July 15, 1998, op. denying rehearing) (not designated for publication); *In re Walston,* No. 10–00–007–CV (Tex.App.-Waco Feb. 3, 2000, orig. proceeding) (not designated for publication); *Walston v. Lockhart,* 36 S.W.3d 278 (Tex.App.-Waco 2001, abatement order); *Walston v. Lockhart,* 62 S.W.3d 257 (Tex.App.-Waco 2001, pet. denied), *cert. denied,* 537 U.S. 1067, 123 S.Ct. 632, 154 L.Ed.2d 556 (2002); *In re Walston,* No. 10–02–037–CV (Tex.App.-Waco Feb. 20, 2002, orig. proceeding) (not designated for publication); *Walston v. Walston,* No. 10–02–043–CV (Tex.App.-Waco Mar. 25, 2002, abatement order) (not designated for publication); *Walston v. Walston,* No. 10–02–043–CV (Tex. App.-Waco Jan. 16, 2003, order) (not designated for publication).

cause to the trial court for a just and right division of the community estate.

*Summary of Second Appeal*

In its Second Final Decree of Divorce, the trial court awarded each party a car, a portion of the bond proceeds held in the registry of the court, and an undivided 50% interest in the remainder of the parties' community property. The trial court's judgment directed the Walstons to divide the property themselves, and if they did not, the trial court would "consider the appointment [of a] Receiver to carry out the terms of this decree." Sue appealed this judgment. In this second appeal, we concluded that the trial court abused its discretion by awarding each party an undivided 50% ownership interest in the parties' personal property rather than dividing the community property in-kind between the two parties. Once again we remanded the cause to the trial court for a just and right division of the community estate.

*Current Appeal*

Upon remand, the trial court denied Sue's timely request for a jury trial. She filed a petition for writ of mandamus in this Court asking us, among other things, to direct the trial court to grant her request for a jury trial. *In re Walston*, No. 10–02–037–CV (Tex.App.-Waco Feb. 20, 2002, orig. proceeding) (not designated for publication). We declined to do so, concluding that notwithstanding the prospect of a fourth trial, she had an adequate remedy by appeal. *Id.* This is the anticipated appeal.

After the petition for mandamus was denied, the trial court held a hearing on the parties' pleadings and motions and received some evidence from both parties. Sue had filed a Fourth Amended Original Petition for Divorce seven days prior to the hearing. In this petition, Sue asked the trial court, among other things, to partition Sue's and Larry's separate property interests in the Cessna 414. Evidence regarding this partition was taken at the hearing.

In its Third Amended Final Decree, the trial court divided the parties' community assets and community debt, and partitioned their interests in the Cessna aircraft. In response to a request by Sue, the trial court then filed findings of fact and conclusions of law. In these, the trial court states that it based its findings of fact and conclusions of law upon "the evidence, including that submitted in prior proceedings in this cause as contained in ... the Findings of Fact and Conclusions of Law in this case dated September 23, 1996 [filed in connection with the Second Final Decree of Divorce]."

Sue asserts, in seventeen issues, that the presiding judge abused his discretion in denying her first motion for recusal and that the trial court erred: (1) in taking further action in the case after her second motion for recusal was filed and before a hearing was held on the motion; (2) in denying her request for a jury trial; (3) in denying her motion for new trial; (4) in failing to follow the Texas Rules of Civil Procedure (three issues); (5) in violating her due process rights by denying her pretrial motions without hearing, thereby preventing her from developing an adequate record for review; (6) in basing its just and right division of the community property on findings of fact made in previous trials (two issues); (7) in basing its findings of fact on legally or factually insufficient evidence (four issues); and (8) in abusing its discretion in determining the just and right division of the community property. In addition, in one issue, Sue complains of two findings of fact that this Court has previously reviewed. *See Walston*, 971 S.W.2d at 691–92. Finally, in

one issue, she complains of the characterization of certain, unspecified, property.

### Right to Jury Trial

None of Sue's seventeen issues can lead to a reversal and rendition of judgment by this Court. Thus, any issue which results in a reversal and remand is the greatest relief Sue can obtain. *See* TEX.R.APP. P. 43.3; *Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex.1999); *Monsanto Co. v. Davis*, 25 S.W.3d 773, 780 (Tex.App.-Waco 2000, pet. dism'd w.o.j.). Accordingly, we need only address one such issue. Because we find it dispositive, we first address Sue's complaint that the trial court erred in not granting her request for a jury trial.

*Applicable Law*

■ Parties to divorce proceedings are entitled to a jury trial upon proper request. *Marr v. Marr*, 905 S.W.2d 331, 333 (Tex.App.-Waco 1995, no writ). While the trial court has wide discretion in making a just and right division of the community property, "it may not ignore the jury's answers which extend to issues of fact from which the status of property is determined." *Cockerham v. Cockerham*, 527 S.W.2d 162, 173 (Tex.1975); *Roberts v. Roberts*, 999 S.W.2d 424, 434 n. 10 (Tex. App.-El Paso 1999, no pet.). In fact, the jury's findings on the factual issues underlying the division of the marital estate, including the valuation of the assets, are conclusive. *Marr*, 905 S.W.2d at 334. In addition, "[t]he wrongful denial of a jury trial is harmful when the case contains material fact questions." *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 667 (Tex.1996).

■ The factors that may be considered by the trial court in making a just and right division of the community estate in a divorce include not only those obvious facts such as the existence and value of the assets which comprise the current community estate, but waste of community assets during the relevant time period. *See Beard v. Beard*, 49 S.W.3d 40, 66 (Tex. App.-Waco 2001, pet. denied). Historically, a just and right division also includes consideration of such things as "the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property." *Twyman v. Twyman*, 855 S.W.2d 619, 625 (Tex.1993) (citing *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex.1981)).

■ We recognize that on remand it is sometimes difficult for the trial court to interpret the mandate of an appellate court. In interpreting that mandate, the trial court "should look not only to the mandate itself, but also to the opinion of the [appellate] court." *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986). When the opinion of the appellate court remands for further proceedings—"in accordance with this opinion"—and does not further restrict the remand with more specific instructions, the legal effect is a new trial on all issues of fact necessary to render a proper judgment. *S.J. Kelley Constr. Co. v. Page*, 269 S.W.2d 689, 690 (Tex.Civ.App.-Waco 1954, writ ref'd n.r.e.).

*Analysis*

■ In this case, Sue complains that because she challenged the valuation and, indeed, very existence of certain pieces of community property in her second appeal, this Court's mandate to the trial court was to retry those issues upon remand. We agree. In that opinion, we did not reach Sue's fourth and fifth issues challenging (1) the sufficiency of the evidence supporting

the trial court's finding of fact that the judgment lists the only community assets existing at the time of the division; and (2) the sufficiency of the evidence supporting the trial court's valuation of the community assets. *Walston,* 971 S.W.2d at 694. We concluded that "[o]n remand the trial court will be able to consider the value of the community assets and whether the items still exist in making a 'just and right' division of the community estate." *Id.* We further directed the trial court to divide the community property and debt in a manner "consistent with this opinion." *Id.* at 698. On remand any fact which is ordinarily proper to consider in making a just and right division of the community estate may be considered. The just and right division of community property is never precise and can depend on a wide range of factors which must be fully developed at trial for the division to be properly reviewed on appeal. Therefore, although we did restrict our mandate to direct the trial court to divide only the parties' community property and debt, this restriction did not mean that the disputed fact issues underlying that division should not be retried. Further, the partition of Sue's and Larry's separate property interests in the Cessna 414 involved disputed material fact questions.

We hold that in this case the trial court erred in denying Sue's request for a jury trial and we sustain her issue four.

### Other Issues

Because of our disposition of issue four we do not reach Sue's additional issues.

### Conclusion

Because we hold that the trial court erred in denying Sue's request for a jury trial, we reverse the judgment, and remand for a new trial consistent with this opinion.

Justice TOM GRAY concurring.

I concur with my opinion in every respect. I would add that upon remand the parties should be afforded the full protections due them under our Rules of Civil Procedure to engage in discovery for developing evidence and for presenting it to a jury. This case has consumed far too much of our judicial resources to warrant anything less than a careful, studied, textbook-style proceeding. I am confident that the trial court will make it so. In addition, because of the issues presented, I believe it unlikely that this case will again be assigned to a trial judge who has had any prior involvement in it; therefore, it is unnecessary for me to reach Sue's issues regarding her motions to recuse the particular judge who heard the trial.