### Sue WALSTON, Appellant,

v.

### James H. STEWART and Jim Stewart, Realtors, Inc., Appellees.

### No. 10-05-00135-CV.

Court of Appeals of Texas, Waco.

Jan. 18, 2006.

---

Sue Walston, Waco, pro se.

Jim Hering, Pakis, Giotes Page & Burleson PC, Waco, for appellees.

■

TOM GRAY, Chief Justice, dissenting.

It is impossible for me to express the level with which I disagree with the conclusions of my colleagues that this appeal was frivolous. I do not recall any discussion of whether this appeal was frivolous at pre-submission conference, during oral argument, or in post-submission conference. I must ask, if they thought it was frivolous, why did they, over my objection, schedule it for submission on oral argument rather than on the briefs? If they thought it was frivolous, why did they, over my objection, extend the time for argument? If they thought this appeal was frivolous, why did they not discuss that, and why they found it so wanting in any merit, in the opinion?

I thought it was an easy legal issue to dispose of and that is why I did not think that it warranted argument, and certainly not an extension of argument time. But the reason I found this case easy was because in practice I read hundreds, if not thousands, of cases dealing with limitation issues. The limitations question is simple enough in a straightforward case. But in cases involving the application of a discovery rule when there are on-going acts in furtherance of the conspiracy, new versus recurring versus continuing damages caused by a conspiracy, and the possible cessation of participation in the conspiracy of one of the alleged co-conspirators, whew, it gets very complicated! There are many lawyers that would not have been able to grasp the issues as well as Ms. Walston, who is acting as her own attorney.

We routinely see appeals that have far less merit than this appeal but do nothing about it. Ask yourself, why would a majority of this Court target this appellant at this time? I fear that at least one justice has grown weary of Ms. Walston. But for a person representing herself, she has had phenomenal legal hurdles to overcome and has repeatedly done so against some of the most experienced attorneys in Waco. *See In re Walston*, No. 10–05–00259–CV, 2005 WL 2787651, 2005 Tex.App. LEXIS 8833 (Tex.App.-Waco 2005, orig. proceeding); *Walston v. Walston*, 119 S.W.3d 435 (Tex.App.-Waco 2003, no pet.); *Walston v. Walston*, 971 S.W.2d 687 (Tex.App.-Waco 1998, pet. denied); *Walston v. Walston*, No. 10–94–169–CV and No. 10-94-251-CV (Tex.App.-Waco 1995, writ denied) (not designated for publication). I certainly understand why a litigant could believe and argue that something untoward is afoot. I find no fault in her bringing this appeal.

And I know it is a little thing, but if the appeal was frivolous, under the internal rules, that my colleagues think so much of that they are willing to issue an order before I have had time to study the issues, anything the author thought was relevant to that order should have been circulated with the draft. *Pac. Emplrs. Ins. Co. v. Mathison*, 2005 WL 2665454, 2005 Tex.App. LEXIS 8660 (Tex.App.-Waco Oct. 19, 2005) (Gray, C.J., Special Note); *Procedures for Internal Deadlines for Approval of Opinions and Orders*, Tenth Court of Appeals, General Provisions, p. 2 (Effective May 2, 2005). I can think of nothing more relevant to the determination of whether an appeal is frivolous than the appellant's brief and the opinion we issued. But that is not what was circulated. Rather, what was circulated was the draft order and two opinions authored by Justice Vance which addressed sanctions for frivolous appeals. *See Texas Dept. of Transp. v. Beckner*, 74 S.W.3d 98 (Tex.App.-Waco 2002, no pet.); *Compass Exploration, Inc. v. B–E Drilling Co.*, 60 S.W.3d 273 (Tex.

App.-Waco 2001, no pet.). So I am not sure what the basis of the determination that the appeal was frivolous is, but the Rule 45 Order certainly does not tell you.[1] Compare this determination to what we identified in *Compass Exploration* as supporting the determination that the appeal was frivolous. In *Compass Exploration,* the following factors supported our conclusion that the appeal was frivolous:

- Compass cited no authority supporting its assertion that section 15.011 is a jurisdictional statute. In fact, the jurisdictional argument is plainly wrong, as any reasonable attorney should know.
- Compass cited no authority supporting its assertion that Eubank's summary judgment affidavit was improper.
- Compass made no reasonable argument that its claims were not compulsory counterclaims.
- Compass presented no argument or authority that any law applicable to this case should be changed.
- In its entire brief, Compass cites to only two cases, one statute, and one rule of civil procedure.
- Compass did not respond to the motion for damages.
- Compass did not request oral argument.
- Compass's brief had to be returned when originally filed for violation of local rule 14 requiring that the appendix be bound with the brief.

*Compass Exploration, Inc.,* 60 S.W.3d at 280. That type analysis is entirely lacking in the majority's determination that this appeal is frivolous.

1. This dissenting opinion was drafted in response to a different Rule 45 Order, but its substance is applicable to this summary order as well. The text of the Rule 45 Order being rendered is as follows.

## DUE PROCESS

Not only do we not have facts to support the finding like those present in *Compass Exploration,* we have nothing in the Order at all that will tell the reader why we have taken this extraordinary step, the determination that the appeal was frivolous. Note that the majority has already made this determination without notice and the opportunity to be heard on the issue. The only issue remaining was whether to assess sanctions, which they have decided not to do. I realize one reading of Rule 45 may be that we can make the determination that an appeal is frivolous and then give notice. But in this instance, a majority of the Court rejects the much better jurisprudential thing to do, which would comport with due process, that is, to notify the parties that we are considering the issue and request a response—*before* the determination is made that the appeal is frivolous. But then if they have already made up their minds, such a notice is form over substance. Reminds me of the saying, "We'll give him a fair trial, and then we'll hang him." (origin unknown).

## ON THE MERITS OF WHETHER IT WAS FRIVOLOUS

Walston brought three issues on appeal. We addressed only the first issue, finding it dispositive. Walston framed the issue as follows:

### ISSUE ONE

Appellant has alleged that, more than four years ago, Appellees engaged in overt acts in furtherance of a continuing conspiracy to injure her, that Appellees'

"The Court has determined that this appeal is frivolous but has determined not to impose sanctions. *See* TEX.R.APP. P. 45."

co-conspirators have engaged in acts in furtherance of that conspiracy within the last two years, and that she has suffered continuing injury from the inception of the conspiracy. Where conspirators are jointly and severally liable for damages caused by a conspiracy, including damage caused by acts of co-conspirators— known or unknown to all—do two-year and four-year statutes of limitations preclude Appellant's cause of action for continuing conspiracy against Appellees?

As I was preparing this dissenting opinion to the Rule 45 Order, I realized that I had failed to fully comprehend the complexity of Walston's issue.

The fundamental issue addressed by the Court's holding, which I believe to be an issue of first impression and certainly not frivolous, is, under the continuing tort doctrine as applied to a continuing conspiracy, does the statute of limitations on the damages caused by a conspiracy relieve a co-conspirator of liability for damages caused by the continuance of the conspiracy if the only damages that can be shown to be proximately caused by the co-conspirator's participation in the conspiracy were incurred and known to the victim more than two years prior to the date suit was brought? Our answer, though inartfully articulated, is that under those unique facts the statute of limitations is an affirmative defense available to the co-conspirators to bar recovery.

Normally, a co-conspirator is jointly and severally liable for all damages caused by the conspiracy. *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 926 (Tex.1979) ("Once a conspiracy is proven, each co-conspirator 'is responsible for all acts done by any of the conspirators in furtherance of the unlawful combination.' "). And, the two year statute of limitations is applicable to a cause of action for conspiracy. *Cathey v. First City Bank*, 758 S.W.2d 818, 822 (Tex.App.-Corpus Christi 1988, writ denied). But under the doctrine of continuing tort, as long as the conduct constituting the tort is continuing and damages continue to occur, the victim's suit is not barred by the statute of limitations. *Twyman v. Twyman*, 790 S.W.2d 819, 821 (Tex.App.-Austin 1990), *rev'd on other grounds*, 855 S.W.2d 619 (Tex.1993). *See Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 230 (5th Cir.2005).

The Texas Supreme Court has not "endorsed nor addressed" the concept of the continuing tort doctrine. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n. 8 (Tex.2005). If the continuing tort doctrine is endorsed, the victim of a continuing tort should not be allowed to recover for damages that occurred prior to the commencement of the limitations period absent some tolling doctrine. In this regard, it is important to distinguish between the commencement of the limitations period, which is when all elements of a cause of action have occurred, as compared to a tolling of the limitation period, which is when the deadline within which to bring the suit is delayed (tolled) for some reason. The distinction is most readily distinguishable in a suit by a minor. All the elements of a cause of action have occurred and the suit can be brought by a guardian or next friend, but the limitation period is tolled until the disability of minority is removed. To say the least, cases have been very inconsistent in the discussion of when a cause of action accrues, which is when the statute of limitations commences, and when the limitations period ends because a tolling event has ended or ceased to exist. For example, the discovery rule has sometimes been referred to as a delay in the accrual of the cause of action until it is

discovered [2] and alternatively described as a tolling of the limitations period until the cause of action is discovered.[3] But if this Court endorses the concept of a continuing tort as described by the Austin Court in *Twyman*, Walston wins. If we limit the scope of the doctrine and recovery as herein described, she loses.

Walston contends various actors have conspired in the past to deprive her of her property. One of the actors she alleged is involved is the realtor, Stewart, appointed by the court to conduct the sale of a home. She alleges that Stewart became part of, and an actor in, the conspiracy at that time, 1994.

She argues that the conspiracy is ongoing to this day, causing her new damages. As such, she argues all the actors who ever participated in any part of the conspiracy remain jointly and severally liable for the damages currently resulting from the continuing conspiracy.

The opinion focused on the damages resulting from the sale of the home. The focus is on these damages because this is the result of the conduct engaged in by Stewart—his part, if any, in the conspiracy, if any, was the sale of the home.

Walston has alleged a continuing tort, a civil conspiracy to take or impair her rights and property. She alleges that Stewart was a co-conspirator. The damages alleged to have been proximately caused by Stewart's participation in the conspiracy are barred by the two year limitations period. But if Stewart is shown to be a co-conspirator, and if it is shown that the conspiracy continues, Stewart would be jointly and severally liable for the damages occurring within the limita-

tions period, even though those are not the damages Stewart's alleged participation caused. And normally a co-conspirator does not simply drop out of the conspiracy by inaction and remains liable unless the co-conspirator affirmatively rejects his former participation in the conspiracy. *United States v. United States Gypsum Co.*, 438 U.S. 422, 464–465, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978) ("Affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators have generally been regarded as sufficient to establish withdrawal or abandonment.").

So the issue before us was whether the running of limitations on the only damages proximately caused by Stewart's alleged participation in the conspiracy also had the effect of barring a recovery from Stewart for other damages alleged to have been caused by the conspiracy within the limitations period. Our answer was yes, the limitations period barred a recovery from Stewart.

I challenge the majority to find a case from this Court, or a court by which we are bound, that sets this as precedent. Indeed, I challenge them to find another case decided by any court that has this fact pattern.

I continue to believe that our holding was a correct extension of existing precedent to unique facts which has the effect of creating another defense not previously available to an alleged co-conspirator of a conspiracy that is alleged to be ongoing, a limitations defense. This defense is available even if the conspiracy otherwise continues, so long as it continues without the co-conspirator's participation and the only damages shown to have been proximately

2. *Wagner & Brown v. Horwood*, 58 S.W.3d 732, 734 (Tex.2001).

3. *Brent v. Daneshjou*, No. 03–04–00225–CV, 2005 WL 2978329, 2005 Tex.App. LEXIS 9249 (Tex.App.-Austin Nov. 4, 2005, no pet. h.)

caused by the co-conspirator's participation occurred prior to the start of the limitations period.

### INTERNAL

The unique issue raised by Walston deserved a more complete discussion in the Memorandum Opinion. But it is no secret that we are a deeply divided court. *Dueling Documents,* Texas Lawyer, October 31, 2005, Vol. 21, No. 35, at 3; Mary Alice Robbins, *Divided They Sit: Opinions Expose Deep Rift at Waco's 10th Court,* Texas Lawyer, January 17, 2005, Vol. 20, No. 46 at 1. As a deeply divided court, I have found that the less we write, the less there is to disagree about. Thus, if we can get to a result on which we all agree in a memorandum opinion, that is a good thing.

It probably would have been good to more fully explain in the opinion the novel theory Walston argued to avoid the application of the statute of limitations.

But the appeal is far from frivolous. We should not let frustration with a litigant or with each other affect the analysis of a legal issue or the result. My fear is that, as to the determination that this appeal was frivolous, either or both may have occurred.

### CONCLUSION

For the reasons stated, I do not join the order determining this appeal to have been frivolous. I dissent.