IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00069-CV

 

Jeffery D. Gooch,

                                                                      Appellant

 v.

 

Michael Morris and Belinda Morris,

                                                                      Appellees

 

 

 



From the 141st District Court

Tarrant County, Texas

Trial Court No. 141-189833-01

 



MEMORANDUM  Opinion



 

Appellant, Jeffery D. Gooch, appeals the trial
court’s granting of a nunc pro tunc judgment in favor of Appellees, Michael
Morris and Belinda Morris.  We will affirm the judgment of the trial court.  

BACKGROUND

          Appellees obtained judgment against
Nancy and Pat Trebesch in a breach of contract suit.  Gooch signed a
supersedeas bond as a surety for the Trebesches.  The bond correctly reflected
the spelling of Appellant’s name as Jeffery Gooch.  The judgment was affirmed
by the Second Court of Appeals.  Appellees sought to add Gooch to the judgment
by filing a Motion to Modify the Judgment and Mandate with the Second Court of
Appeals.  Tex. R. App. P. 43.5.  The
court of appeals granted the motion and modified the judgment but incorrectly
spelled his name as Jeffrey D. Gooch as opposed to Jeffery D.
Gooch. 

          Gooch raised the incorrect spelling of
his name as a defense to the judgment and filed a Motion to Dismiss for Lack of
Jurisdiction.  Appellees filed a Motion to Correct an Error in the Judgment and
Mandate with the Second Court of Appeals and requested that the court correct
the misspelling.  Without explanation, the court of appeals denied the Motion
to Correct.  Appellees then filed a Motion to Correct the Judgment with the
trial court requesting that the court correct the error nunc pro tunc.  The
trial court denied the Motion to Dismiss, granted the Motion to Correct, and
entered a Judgment Nunc Pro Tunc.

          Gooch brings three issues on appeal. 
First, he argues the trial court lacked jurisdiction to enter an order and
judgment to correct the judgment of the court of appeals.  Second, he argues
the trial court abused its discretion by ignoring or interpreting the mandate
of the court of appeals.  Finally, he argues the trial court erred in denying
his Motion to Dismiss.

JUDGMENT NUNC PRO TUNC

           A trial court has plenary power to
reverse, modify, or vacate its judgment at any time before it becomes final.  Tex. R. Civ. P. 329b; Mathes v.
Kelton, 569 S.W.2d 876, 878 (Tex. 1978).  However, once the trial court's
plenary power ceases, the judgment can only be modified in the case of a
clerical error.  See Tex. R. Civ.
P. 316, 329b; Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986).  The trial court can correct such clerical errors by a judgment nunc pro tunc. 
Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986).

A clerical error does not result from judicial
reasoning or determination in rendering judgment but from inaccurately
recording the rendered judgment.  Andrews, 702 S.W.2d at 585.  Consequently,
when a prior judicial determination is evidenced, but the signed order or
judgment does not accurately reflect the court's true judicial decision, the
error is clerical.  Id. at 586.

In the present case, the evidence shows that the
court of appeals intended to add Jeffery D. Gooch to the judgment.  Texas Rule
of Appellate Procedure 43.5 provides when a court of appeals affirms a trial
court judgment it must render judgment against the sureties on the appellant’s
supersedeas bond.  The court of appeals added Gooch to the judgment in
accordance with this provision.  Further, Jeffery Gooch does not argue that he
did not sign the supersedeas bond or that he should not be liable for the
judgment.  The court simply recorded the judgment inaccurately; therefore, the
misspelling of Gooch’s name was a clerical error.  We overrule Appellant’s
second issue.

It was proper for the trial court to correct the
error.  The trial court entered judgment in favor of Appellees.  The court of
appeals affirmed the judgment and later modified the trial court’s judgment in
response to Appellees’ Motion to Modify the Judgment and Mandate.  The trial
court had jurisdiction to correct the error in its own judgment.  The trial
court properly denied Gooch’s Motion to Dismiss for Lack of Jurisdiction and
properly granted the Judgment Nunc Pro Tunc.  We overrule Appellant’s first and
third issues.




CONCLUSION

          Having overruled Gooch’s three issues, we affirm the
judgment.

 

 

                                                                   BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray concurs only in the judgment, not the opinion.  Chief Justice Gray
further notes that for comparative purposes, this is a case in which the
appellant should be notified to explain why it is not a frivolous appeal
subject to sanctions.  See Walston v. Stewart, No. 10-05-00135-CV, 2006
WL 133610 (Tex. App.—Waco, Jan. 18, 2006, no pet. h.) (Gray, C.J., dissenting)).

Affirmed

Opinion
delivered and filed February 15, 2006

[CV06]