IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00371-CV

 

Margaret M.W. Taplin,

                                                                                    Appellant

 v.

 

Peach Creek Partners, LTD.,

                                                                                    Appellee

 

 

 



From the County Court at Law No.
1

Brazos County, Texas

Trial Court No. 06-000873-CV-CCL1

 



MEMORANDUM  Opinion



 








This is a suit involving the partition of real
property.  Margaret M.W. Taplin’s father owned certain property in Brazos County, Texas.  After his death, each of his eight children inherited an undivided interest
in the property.  Peach Creek Partners, Ltd. purchased all but Taplin’s
interest.  After failed attempts to purchase Taplin’s interest, Peach Creek
filed a partition suit alleging that the property cannot be fairly and
equitably divided because division into parcels would “cause the value of the
Property to be substantially less than its value when whole.”  After a bench
trial, the trial court ordered a partition by sale.  Taplin appeals.  We
affirm.

PARTITION

In her pro se brief, Taplin requests return
of the property.  Peach Creek responds that (1) Taplin has not presented “any
specific occurrence or ruling which was properly preserved and shown to be
erroneous;” (2) a separate condemnation action is ongoing between Taplin, Peach
Creek, and the State of Texas;[1] (3)
Taplin and Peach Creek were unable to reach an agreement regarding the purchase
of Taplin’s interest; and (4) Taplin may bid on the property at public sale. 
We construe Taplin’s brief as a challenge to the trial court’s judgment
ordering partition by sale.           

Applicable Law

A joint owner or claimant of real property or an
interest in real property “may compel a partition of the interest or the
property among the joint owners or claimants.”  Tex. Prop. Code. Ann. § 23.001 (Vernon 2000).  When a party
seeks partition, the trial court “shall determine the share or interest of each
of the joint owners or claimants in the real estate sought to be divided, and
all questions of law or equity affecting the title to such land which may
arise.”  Tex.
R. Civ. P. 760.  The trial court
shall order partition if it “determines
that the whole, or any part of such property is susceptible of partition.”  Tex. R. Civ. P. 761.  “Should
the court be of the opinion that a fair and equitable division of the real
estate, or any part thereof, cannot be made, it shall order a sale of so much
as is incapable of partition.”  Tex. R. Civ. P. 770.

“The law favors partition in kind over partition
by sale.”  Cecola v. Ruley, 12 S.W.3d 848, 853 (Tex. App.—Texarkana 2000, no
pet.).  The party
opposing partition in kind and seeking partition by sale bears the burden of
proving “an in-kind partition would not be fair.”  Id. at 853-54.

If the property can be divided in kind without
materially impairing its value, a sale will not be ordered, but when dividing
the land into parcels causes its value to be substantially less than its value
when whole, the rights of the owners are substantially prejudiced.  Substantial
economic loss is one of the significant factors that would warrant a sale in
lieu of a partition in kind.    

 

Id. at 855.  Whether property “can fairly be
partitioned in kind is a question of fact for the court or jury to decide.”  Id. at 853.

Analysis

                At trial, Peach Creek introduced
certified copies of deeds establishing its ownership of an 87.5 percent
interest in the property and Taplin’s ownership of a 12.5 percent interest.  Peach
Creek also presented tax records and checks indicating that it had paid taxes
on the property, as well as delinquent taxes owed on Taplin’s interest.  John
McFarlane, president of Peach Creek’s general partner, testified that Peach
Creek attempted to purchase Taplin’s interest, but no agreement could be
reached.  Peach Creek has not developed the property.

Certified real estate appraiser James Michael
Duncum analyzed the tract to determine “how it could be equitably partitioned
so that both landowners would not end up on the short end of the stick or that
the remainder, if you cut out one-eighth of the tract, how would the remaining
seven-eighths be affected.”  He identified four factors affecting partition of
the property: (1) a hundred-year floodplain is located along a portion of the
property; (2) an oil well pad site exists on the property; (3) the highway
department has limited the access to a portion of the property; and (4) a gas
pipeline exists on the property.  In Duncum’s opinion, these four factors
prevented him from finding an equitable way to partition the property:

The tract is going to have values generally
ranging from the highest value along the frontage to the least amount of value
towards the back.  In this case, one-eighth interest is about 7.23 acres; and
to find a 7.23-acre tract out of the 5 -- out of the 57.81 acres that would
either maintain a value similar to the remainder on a unit price is -- in my
opinion, cannot be done on that tract.      

 

Duncum testified that “the one-eighth would more
than likely be very skinny and deep with limited development potential; or if
it were moved around, it would affect the access and exposure of the remaining
seven-eighth of the tract.”  He believed that cutting out a one-eighth portion
from the whole tract would “cause a substantial economic loss” and partition
would not be fair to either party because one portion would be damaged, whereas
the remaining portion would not.

The trial court found that: (1) Peach Creek and
Taplin are the sole owners of the property; (2) Peach Creek owns an undivided
87.5 percent interest in the property; (3) Taplin owns an undivided 12.5
percent interest in the property; and (4) the property is “not susceptible to
fair and equitable partition in kind.”  The trial court ordered that a receiver
be appointed to sell the property at a public sale and that the proceeds of the
sale be distributed to Peach Creek and Taplin according to their respective
interests.

We cannot say that the trial court’s findings are
in error.  In light of Duncum’s uncontroverted testimony, Peach Creek
established that dividing the property into parcels would cause “its value to
be substantially less than its value when whole” and result in a “substantial
economic loss.”  Cecola, 12 S.W.3d at 855.  In doing so,
Peach Creek established that a partition in kind would be inequitable and
unfair.  See id. at 853-54, 856.  We overrule Taplin’s request
for return of the property.[2]

MOTION FOR DAMAGES FOR FRIVOLOUS APPEAL

Peach Creek has filed a “Motion for Damages for Frivolous Appeal,”
alleging that Taplin failed to raise reasonable grounds for reversal, “specific
occurrence[s] or ruling[s]” that were “properly preserved” and erroneous, or “well-researched,
arguable issues” supported by record references or citations to legal
authority.

An appellate court may award damages for frivolous
appeals.  See Tex. R. App. P. 45. 
Imposition of damages
is a matter within our discretion,
“which we exercise with prudence and caution, and only after careful
deliberation.”  Angelou v. African
Overseas Union, 33 S.W.3d 269,
282 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  “[W]e carefully consider the record from the
appellant’s point of view at the time the appeal was filed.”  Chapman v. Hootman, 999 S.W.2d 118, 124 (Tex. App.—Houston [14th
Dist.] 1999, no pet.).  “Where
an appellant’s argument on appeal fails to convince the court, but has a
reasonable basis in law and constitutes an informed, good-faith challenge to
the trial court’s judgment, sanctions are not appropriate.”  Id.

Taplin is a “pro se litigant[] apparently
unfamiliar with the intricacies of appellate advocacy.”   Yazdchi v. Chesney, No.
14-05-00817-CV, 2007 Tex. App. Lexis 615, at *7 (Tex. App.—Houston [14th Dist.] Jan. 30, 2007, no pet.) (mem.
op.).  “While this
status does not necessarily excuse improper briefing, it does suggest that it
was not the product of bad faith.”[3]  Id.  Accordingly, we decline to award sanctions under these circumstances.  See
id.  Peach Creek’s motion for damages is denied.

The trial court’s judgment is affirmed.     

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed 

Opinion delivered and
filed December 12, 2007

[CV06]

 

            









[1]               The property originally consisted
of approximately 62.56 acres, but a condemnation suit reduced the property to
approximately 57.81 acres.  The portion of the property subject to the
condemnation suit is not at issue in this case.





[2]               As the trial court noted, Taplin
may be able to obtain return of the property by seeking to purchase the
property herself at the public sale.





[3]               “[B]ad faith” is not required, but “may be relevant in
determining the amount of damages.”  Compass Exploration, Inc. v. B-E Drilling Co., 60 S.W.3d 273, 279 (Tex. App.—Waco 2001, no pet.).