# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00376-CV

**Elizabeth Louise Handley, Appellant**

**v.**

**Marian C. Bloss, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF BURNET COUNTY
### NO. C3206, HONORABLE W. R. SAVAGE, JUDGE PRESIDING

## C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

Marian Bloss, an attorney, sued her former client, Elizabeth Handley, to recover unpaid fees. Bloss filed a traditional motion for summary judgment, *see* Tex. R. Civ. P. 166a(c), which the trial court granted after Handley failed to file a response. On appeal, Handley argues that (1) Bloss's summary judgment evidence raises a fact question as to the fees Handley actually owed and (2) a portion of the fees that Bloss seeks to recover constitutes an "unenforceable penalty." Bloss argues that we should affirm the summary judgment and award her damages because Handley's appeal is frivolous. I concur with the majority in affirming the summary judgment, but I respectfully dissent on the issue of damages because I believe this appeal is frivolous.

### FACTUAL AND PROCEDURAL BACKGROUND

Bloss represented Handley in a divorce proceeding. Handley contractually agreed to pay Bloss $200 per hour for her services. As Handley's bills came due, Bloss apparently offered to

discount them a total of $3200. After Handley failed to pay her bills, however, Bloss sent her a letter that stated: "If a check is not received, this office shall be forced to file suit against you for the amount owed—*minus all previous discounts allowed*, interest at the maximum rate allowed by law, court costs and attorney fees." (Emphasis in original.) Handley did not pay her bills, and Bloss sued for everything she was owed, including the amounts she had previously offered to discount.

Bloss eventually filed a motion for summary judgment. The motion included an affidavit by Bloss that detailed the fees she was owed and averred that the fees were reasonable and necessary. The affidavit attached the following exhibits: (1) Handley's "client information" form; (2) a "Fee Schedule and Fee Agreement with Client" form, signed by Handley, which detailed Bloss's billing rate ($200 per hour) as well as all other expenses for which Handley was responsible (e.g., copying costs, court costs); (3) copies of checks that Handley remitted to Bloss; (4) copies of bills dated August 23, September 4, October 13, and October 28, 2006 that show the amount of fees Handley owed Bloss for each interval; (5) a letter from Bloss to Handley dated October 28, 2006, styled a "formal demand," that stated that if Handley did not pay Bloss her outstanding debt of $6,138.23 within thirty days, Bloss would file suit for that amount plus the $3200 in discounts previously offered (for a total of $9,338.23); and (6) a letter from Bloss to Handley dated December 18, 2006, again styled a "formal demand," that stated that Bloss would file suit if Handley did not pay the entire $9,338.23 within thirty days.

Handley did not file a response to Bloss's summary judgment motion. The trial court granted the motion and awarded Bloss the $9,338.23 she was owed under the parties' contract, plus costs, attorney's fees, and pre- and post-judgment interest.

2

On appeal, Handley argues that a fact question exists as to whether she owes Bloss the previously discounted $3200. She also argues that requiring her to pay the $3200 constitutes an "unenforceable penalty." Bloss not only denies these claims but also seeks damages for having to contest them, characterizing them as frivolous. *See* Tex. R. App. P. 45 (appellate court may award damages for frivolous appeals).

## STANDARD OF REVIEW

A "traditional" motion for summary judgment is properly granted when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). In reviewing a grant of summary judgment, we take as true evidence favorable to the nonmovant, making every reasonable inference and resolving all doubts in the nonmovant's favor. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

## DISCUSSION

### *Summary Judgment*

Handley raises two points of error on appeal. First, she argues that because Bloss offered discounts totaling $3200 as Handley's first few bills came due, a fact issue exists as to whether Bloss had the right to revoke that offer. Second, Handley argues that Bloss's revocation of the $3200 discount constitutes an "unenforceable penalty."

3

Handley did not raise these arguments in the trial court, so she cannot raise them on appeal. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal [of summary judgment]."); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (party appealing from summary judgment may not raise grounds for reversal that it did not raise in writing in trial court). Nevertheless, I will briefly explain why these arguments would fail even if they had not been waived.

Regarding Handley's first argument—namely, that a fact question exists as to whether Bloss had the right to revoke her offer of a $3200 discount—it is clear that the parties' fee agreement did not require discounts for timely payment.[1] Rather, under the fee agreement's plain terms, Handley owed Bloss $9,338.23 for her services. Handley appears to argue that because Bloss initially agreed to accept $6,138.23 for her services, a fact question exists as to whether $6,138.23 or $9,338.23 was the reasonable rate for Bloss's services. This argument fails for two reasons. First, Handley agreed to a contract rate of $9,338.23 and has not alleged that she was misled into doing so. *See In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005) (per curiam) (absent fraud, misrepresentation, or deceit, parties are bound by the terms of the contracts they sign). Second, Bloss submitted an affidavit that stated $9,338.23 was a reasonable rate for her services. That affidavit was sufficient to support summary judgment because Handley failed to controvert it. *See* Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (West 2008) (affidavit by service provider stating that

---

[1] Handley admits this fact; in her brief she states, "[t]he contract itself is silent on the question of discounts."

4

service charge was reasonable is sufficient to support judgment if not contradicted by counteraffidavit); *see also In the Estate of Tyner*, 292 S.W.3d 179, 184 (Tex. App.—Tyler 2009, no pet.) (proper affidavit by attorney, if uncontroverted, is sufficient to establish reasonableness of attorney's fees). That being the case, the mere fact that Bloss offered a discount does not suggest that her rate may in fact have been unreasonable. Put another way, the fact that an attorney offered to discount her fees is irrelevant to the question of whether those fees were reasonable in the first place. The only thing that could suggest Bloss's fees were unreasonable would be evidence directly demonstrating as much. *See Karen Corp. v. Burlington N. & Santa Fe Ry. Co.*, 107 S.W.3d 118, 126 (Tex. App.—Fort Worth 2003, pet. denied) (affidavit establishing reasonableness of attorney's fees must be controverted with facts demonstrating that fees were unreasonable). Handley offered no such evidence below.

Handley's second argument—namely, that Bloss's revocation of the $3200 discount constitutes an "unenforceable penalty"—fails because requiring someone to pay an agreed-upon contract rate is not a "penalty." *See Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex. 1991) (a penalty is a demand for unreasonably large liquidated damages).

I reiterate that even though I have explained why Handley's appellate arguments would fail on their merits, those arguments are in fact waived because Handley did not raise them below. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678 (party appealing from summary judgment may not raise grounds for reversal that it did not raise in trial court). When a party fails to oppose a summary judgment motion, the only evidentiary argument it can legitimately raise on appeal is that the movant's summary judgment evidence was legally insufficient. *See id.* at 678-79. Handley does

5

not make such an argument here. Indeed, the only part of her brief that could conceivably be relevant to such an argument is the statement that "[a]ppellee's summary judgment proof is inconsistent." Even giving Handley every benefit of the doubt, however, I cannot construe this isolated statement as an argument that Bloss's summary judgment evidence was legally insufficient because it was inconsistent. First, Handley's brief does not even mention the concept of legal insufficiency. Second, Handley does not cite any authority that suggests inconsistent evidence is legally insufficient to support summary judgment. Third, even if Handley did cite such authority, Bloss's evidence was not in fact inconsistent. Rather, Bloss's evidence established that Bloss sought fees consistent with the parties' fee agreement. That the evidence also suggested the possibility of a discount for Handley does not, absent more, bear on the issue of whether the fees proven and awarded were reasonable and necessary.

### *Damages*

Bloss has moved for damages equal to the $4,648.95 in attorney's fees she incurred in responding to Handley's appeal. *See* Tex. R. App. P. 45 (appellate court may award damages for frivolous appeal). Bloss argues that taken together, the following six facts show that Handley's appeal was frivolous: (1) Handley failed to file a response to Bloss's motion for damages; (2) Handley did not raise her points of error in the trial court; (3) Handley's appellate brief contains little substantive argument and few citations to authority or the record, *see* Tex. R. App. P. 38.1; (4) Handley's brief does not comply with the rules of appellate briefing, *see* Tex. R. App. P. 9.4; (5) Handley has delayed pursuing her appeal, twice missing filing deadlines and requesting extensions; and (6) Handley had no reasonable basis to expect to prevail on appeal.

6

I agree that Handley's appeal is frivolous. An appeal is frivolous to the point that damages are warranted "if, at the time asserted, the advocate had no reasonable grounds to believe judgment would be reversed." *Njuku v. Middleton*, 20 S.W.3d 176, 178 (Tex. App.—Dallas 2000, pet. denied). Handley's points of error are patently meritless, but even if they were not, Handley's attorney had no reasonable basis to believe that they would succeed on appeal because Handley did not raise them in the trial court. The law is well-settled that failure to raise issues in the trial court waives them on appeal. *See* Tex. R. Civ. P. 166a(c); *Clear Creek Basin Auth.*, 589 S.W.2d at 678.[2] Furthermore, Handley filed no response to Bloss's motion for damages and eventually filed an appellate brief that was cursory and superficial. As Bloss argues, these facts suggest that Handley's appeal represents an attempt to delay payment rather than a good-faith belief that the trial court erred. *See Compass Exploration, Inc. v. B-E Drilling Co.*, 60 S.W.3d 273, 280 (Tex. App.—Waco 2001, no pet.) (facts supporting award of damages include (1) failure to respond to motion for damages and (2) filing of cursory brief).

My fellow panelists believe we should not grant Bloss's motion for damages because Handley made a colorable argument on appeal—namely, that Bloss's summary judgment evidence was legally insufficient because it was inconsistent. I disagree with them because, as discussed above, I do not think that Handley's brief, fairly construed, actually makes that argument. Handley's brief does not mention the concept of legal insufficiency or cite any authority that suggests

---

[2] Again, the only evidentiary argument Handley could legitimately make on appeal is that Bloss's summary judgment evidence was legally insufficient. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). As already stated, though, and as discussed further below, I do not believe that Handley makes this argument.

7

inconsistent evidence is legally insufficient to support summary judgment. And even if the brief did cite such authority, Bloss's evidence was not in fact inconsistent (as my fellow panelists apparently agree).

An appellant must have notice and an opportunity to respond before we award damages. *See* Tex. R. App. P. 45. Here, Bloss filed a motion for damages and reiterated her request for damages in her brief. Handley had notice of both and declined to take advantage of her opportunities to respond. *See* Tex. R. App. P. 10.1 (party may file response to motion filed by opponent); Tex. R. App. P. 38.3 (appellant may file reply brief to respond to any issue raised in appellee's brief). Thus, I would award Bloss $4,648.95 in damages, an amount equal to the attorney's fees she incurred in opposing this appeal. *See Smith v. Brown*, 51 S.W.3d 376, 382 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (using attorney's fees as measure of damage award under Tex. R. App. P. 45). I respectfully dissent from the majority's opinion insofar as it refuses to award those damages.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton;
   Joined in part by Justice Pemberton

Filed: February 5, 2010