

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00038-CV

SHERRY DENSMORE, APPELLANT

V.

SCOTT POSTER, ANGELA POSTER , AND JASON ROBB, APPELLEES

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV22-0801, Honorable Graham Quisenberry, Presiding

July 8, 2024

MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

This appeal involves effort to use as controlling precedent the earlier disposition of a dispute regarding deed restrictions. *See Densmore v. McCarley*, No. 02-19-00287-CV, 2020 Tex. App. LEXIS 2304 (Tex. App.—Fort Worth Mar. 19, 2020, no pet.) (mem. op.). Only Sherry Densmore was a party in that proceeding, unlike Scott Poster, Angela Poster, and Jason Robb. In reviewing the final order denying enforcement of a particular

---

[1] Because this appeal was transferred from the Second Court of Appeals, we apply its precedent should it conflict with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

restrictive covenant in that suit, the Second Court of Appeals noted and acknowledged that the trial court expressly limited its decision to the particular parties and controversy there encompassed. Nevertheless, Densmore now attempts to make it applicable, via the machinations of some shade of res judicata, to each of the 40 plus tracts of land encumbered by the deed restrictions. The trial court rebuffed that effort. So, she appealed and contends either that 1) res judicata barred enforcement of the deed restrictions at issue or 2) the deed restrictions were abandoned and unenforceable. The Posters and Robb also appealed the denial of their request for attorney's fees. We affirm in part and reverse in part.

### Background

Densmore lives in a housing subdivision that consists of 449 acres and over 40 lots. The lots were the subject of deed restrictions imposed in 1981. The underlying dispute is not the first Densmore has had regarding the deed restrictions of the division. Several years ago, Densmore sued the McCarleys to prohibit them from operating a licensed dog-breeding business on their lot. The Fort Worth Court of Appeals upheld the trial court's denial of enforcement of restrictions and denial of permanent injunctive relief based on the affirmative defense of waiver by abandonment.

Following the disposition of the appeal in that matter, the Posters and Robb moved into their respective properties in the subdivision. In the spring of 2022, Scott Poster became aware that Densmore was constructing something on her property. When he realized 15 RV pads were being constructed on the 7.9-acre tract of land, he sought injunctive relief based on the deed restrictions. It is undisputed that, if the restrictions still apply, the development of a commercial RV park is prohibited. Consequently, the Posters and Robb brought a breach of restriction claim, sought injunctive relief and later,

2

requested specific performance. They also sought to recover attorney's fees. Densmore asserted the affirmative defense of waiver by abandonment and argued the restrictions were unenforceable based on the court's decision in *Densmore v. McCarley*.

The matter was tried to the bench. The court entered a final judgment finding Densmore breached the restrictions and granted a permanent injunction against her, prohibiting her from "installing or maintaining mobile homes, house-cars, or other moveable structures, placed temporarily or otherwise, that are utilized as residences" on her property. The trial court also entered findings of fact and conclusions of law supporting its judgment. It denied recovery of attorney's fees. Densmore appealed and the Posters and Robb cross-appealed.

### Densmore Appeal

#### ISSUE ONE—RES JUDICATA

By her first issue, Densmore argues the ruling in *McCarley* determined the enforcement of the deed restrictions and therefore, that issue cannot be relitigated. Conversely, the Posters and Robb contend the ruling in *McCarley* adjudicated only the rights between McCarley and Densmore as to the McCarley property. As such, res judicata does not prohibit the litigation at issue here. We overrule the issue.

Res judicata, also known as claim preclusion, is an affirmative defense that prevents the relitigation of a finally adjudicated claim and related matters that should have been litigated in a prior suit. *Peterson, Goldman & Villani, Inc. v. Ancor Holdings, LP*, 584 S.W.3d 556, 562-63 (Tex. App.—Fort Worth 2019, pet. denied); *State & Cty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001). The elements of the res judicata defense are 1) a prior final determination on the merits by a court of competent jurisdiction; 2) identity of parties, or those in privity with them, in the prior and subsequent

actions; and 3) the subsequent action is based on claims or causes of action that were or should have been raised in the first action. *Peterson, Goldman & Villani, Inc.*, 584 S.W.3d at 563. We review the applicability of res judicata under a de novo standard of review. *In re L.M.*, No. 02-22-00277-CV, 2023 Tex. App. LEXIS 3983, at *11 (Tex. App.—Fort Worth June 8, 2023, no pet.) (mem. op.).

Here, Densmore argues the *McCarley* judgment acted to render the deed restrictions unenforceable against her, even as to neighbors who were not parties to that proceeding.[2] But, the trial court specified that its findings and conclusions "only adjudicate and affect the rights of the parties to this suit and the McCarley Property." Likewise, the court of appeals's opinion in *McCarley* very clearly limited the decision, stating relief under the Declaratory Judgments Act vested the trial court with jurisdiction to declare rights "as between the parties before it—Appellants and the McCarleys" as to the McCarley property. *McCarley*, 2020 Tex. App. LEXIS 2304, at *24. It elaborated, stating the trial court did not have the power to declare the rights of parties who had not been joined. *Id.* Further, the court did not state it adjudicated the restrictions as to Densmore's property.

Moreover, the claims of the Posters and Robb did not accrue until 2022, years after the opinion in *McCarley* issued. They were neither parties to the action nor in privity to any such parties. *See Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996) (defining privity for purposes of res judicata as parties who share an identity of interests in the basic legal right that is the subject of litigation). For these reasons, res judicata did not bar the underlying litigation.

---

[2] Densmore does not argue the Posters and Robb were in privity with any party.

Densmore also broaches, for the first time, the theory of "quasi-estoppel." Quasi-estoppel is an affirmative defense that "precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit." *Clark v. Cotten Schmidt, L.L.P.*, 327 S.W.3d 765, 770 (Tex. App.—Fort Worth 2010, no pet.). Densmore did not raise this defense below, however, and is barred from raising for the first time on appeal.

### ISSUE TWO—WAIVER BY ABANDONMENT

Through her second issue, Densmore argues the evidence is legally insufficient to support the trial court's findings that the Posters and Robb did not waive by abandonment the deed restrictions as to the RV park. We overrule the issue.

In an appeal from a bench trial, the trial court's findings of fact and conclusions of law have the same weight as a jury verdict. *Stevens v. Avent*, No. 07-20-00265-CV, 2022 Tex. App. LEXIS 961, at *8 (Tex. App.—Amarillo Feb. 9, 2022, no pet.) (mem. op.). Consequently, challenges to the sufficiency of the evidence to support a trial court's findings of fact are reviewed under the same standards used to review a jury's findings. *Id.* The standard for reviewing sufficiency is set forth in *Anderson v. Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We apply it here.

Waiver is the voluntary relinquishment of a known right; it may be either express or implied. *Location, Location, Location, Ltd. v. Home Depot USA, In*c., No. 07-21-00036-CV, 2022 Tex. App. LEXIS 501, at *11-12 (Tex. App.—Amarillo Jan. 25, 2022, no pet.) (mem. op.). No express waiver of the nonwaiver provision exists here. An implied waiver occurs when one party engages in intentional conduct inconsistent with the right allegedly

being waived. *Id.* An implied waiver can also occur by inaction when the party to whom the right accrues fails to act in a prompt and efficient manner. *Id.*

The restrictions here include a severability paragraph, which is intended to prevent claims of waiver by abandonment. However, that clause does not conclusively negate the possibility that waiver has occurred. *McCarley*, 2020 Tex. App. LEXIS 2304, at \*13. To establish waiver by abandonment of a restrictive covenant running with the land, where there is a nonwaiver provision, a property owner must prove that the existing violations are so great and the violations so pervasive, that they have destroyed the fundamental purpose of the restrictions and have caused the average person to conclude that the *entire set of restrictions* in question have been abandoned. *Location, Location, Location, Ltd.*, 2022 Tex. App. LEXIS 501, at \*11-12 (emphasis in original); *McCarley*, 2020 Tex. App. LEXIS 2304, at \*12-13.

So too must we remember waiver is inherently a question of fact dependent on the facts of each case. *McCarley*, 2020 Tex. App. LEXIS 2304, at \*14. Those facts include the number, nature, and severity of the existing violations, any prior acts of enforcement, and the possibility of realizing to a substantial degree the benefits sought to be obtained through the restrictions. *Id.*

Densmore argues that the claims of the Posters and Robb are barred by waiver. In support of her position, Densmore relies on the evidence set forth in *McCarley* regarding waiver. There, the court noted that over 75 percent of the lots contained some form of restriction violation. *McCarley*, 2020 Tex. App. LEXIS 2304, at \*24. It stated that "[a]ppellants acquiesced in extensive and material violations of the Restrictions so as to amount to an abandonment of the Restrictions as a whole, including the nonwaiver provision, resulting in waiver of the right to enforce them." *Id.* at \*13. Many, if not all, of

6

those violations still exist today. However, the appellants in that case did not include the Posters and Robb. The appellants there, i.e., Densmore and three other people in the subdivision, were all knowingly in violation of one or more deed restrictions and had been for some years. And, no owner had sought to enforce the restrictions for 35 years.[3] *Id.* at 20. As such, their actions were inconsistent with claiming the right to enforce the restrictions and therefore, the evidence there supported the trial court's waiver finding.

The same is not true of the Posters and Robb. The Posters bought their land in 2017 but did not move in until several years later. Robb bought his property in 2021. They relied on the deed restrictions in place when they purchased their properties. The record shows they sought injunctive relief within days of discovering Densmore was placing individual pad sites on her land for development of an RV park. Robb joined the Posters in the suit in July 2022.

Further, the Posters and Robb testified they were not specifically aware of violations other than the McCarley's dog breeding business and Densmore's development of an RV park. They claimed no knowledge of the various other businesses allegedly operating in violation of the restrictions in the subdivision. The Posters had an agricultural exemption allowing cattle to graze on their property[4] and Robb ran an Airbnb out of his home for a few months.[5] These did not necessarily appear to be in violation of the deed restrictions.

---

[3] Densmore testified the subdivision had been in place since approximately 1981.

[4] Poster testified they have seven Longhorns on their property. They also noted they had an oil and gas lease on their property that predated their purchase. The trial court said it was not "deeming [the oil and gas lease] the operation of a business for purposes of these restrictions."

[5] The restrictions allowed businesses of a limited nature such as those contained within the residence.

Additionally, most of the pre-existing violations consisted of building set-back transgressions. Some involved the animal breeding and the operation of small business activities. Generally elemental to each was the fact of the property remaining under the permanent possession and control of the landowner. Those activities, though violative of the restrictions, could be characterized as somewhat trivial in comparison to Densmore's desire to convert a portion of her land to a trailer park for itinerants or transients. Indeed, we find it ironic that Densmore attempts that which she decried in *McCarley*. There, she testified if the restrictions were not enforced, then "the character of Southridge would be destroyed . . . '**[M]obile homes could move in**. Gun ranges could come in. Just anything, actually. Junk cars. Other businesses and stuff.'" *McCarley*, 2020 Tex. App. LEXIS 2304, at *20-21. (emphasis added). This is quite the departure from her stance in the current litigation.

In short, the trial court had before it evidence of historic violations going generally unenforced. Yet, it also had evidence of effort by some, *e.g.*, Densmore, Robb and the Posters, to enforce them. So too did the nature of the past violations differ in kind and quality than those attempted by Densmore. Thus, we cannot say that evidence supported a finding that the existing violations were so great and pervasive as to destroy the fundamental purpose of the restrictions and cause the average person to conclude that all the restrictions had been abandoned.

### The Posters and Robb Appeal

Through their appeal, the Posters and Robb seek their reasonable and necessary attorney's fees. They argue they are entitled to those fees under the applicable restriction and the Property Code. Densmore disagrees, arguing the trial court's determination that

she violated the restrictions is not supported by the evidence or the law and thus, the Posters and Robb are not entitled to seek attorney's fees. We sustain the issue.

We typically review a trial court's award of attorney's fees under an abuse of discretion standard. *See Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004). But, when the issue is whether a legal basis exists for the recovery of attorney's fees, we are faced with a question of law that we review de novo. *See Eldorado Homeowners' Ass'n v. Clough*, No. 05-22-00198-CV, 2024 Tex. App. LEXIS 5, at *37 (Tex. App.—Dallas Jan. 2, 2024, no pet.) (mem. op.); *see also In re M.M.*, No. 05-21-00992-CV, 2023 Tex. App. LEXIS 242, at *27-28 (Tex. App.—Dallas Jan. 13, 2023, no pet.) (mem. op.) ("Though we generally review a trial court's award of attorney's fees under an abuse of discretion standard, the issue of whether Texas law recognizes a basis for the recovery of attorneys' fees is a question of law we review de novo.").

The Posters and Robb presented evidence, without objection, of their reasonable and necessary attorney's fees. That evidence included expert testimony and billing statements. They requested fees in the amount of $17,580.00. The trial court found the Posters and Robb incurred attorney's fees and expenses in prosecuting the suit against Densmore. It found also that the restrictive covenants (No. 16) and the Texas Property Code provided for recovery of attorney's fees and costs. It nevertheless denied recovery of those fees.

Restriction No. 16 provided:

The owner or owners of any tract of land out of the 449.0 acres shall have the right to sue for and obtain injunctive relief to enforce any of the restrictions or covenants herein set forth, and the party or parties in violation of any of the restrictions or covenants shall pay any and all court costs, including expert witness testimony and attorneys fees paid or agreed to be paid by the parties bringing suit for such injunctive relief.

9

Section 5.006 of the Property Code provided that "[i] n an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim." TEX. PROP. CODE ANN. § 5.006. Thus, "[i]f breach of a restricted covenant is properly pleaded and proved, then the award of fees under section 5.006 is mandatory." *Garden Oaks Maint. Org. v. Chang*, 542 S.W.3d 117, 140 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Breach of a restricted covenant was properly pleaded and proved here, and the Posters and Robb prevailed on their cause of action. As such, they were entitled to reasonable and necessary attorney's fees. *Id.* In denying their award, the trial court erred in a harmful manner.

We reverse that portion of the judgment denying attorney's fees to the Posters and Robb and remand that issue to the trial court. In all other things, we affirm the trial court's judgment.


Brian Quinn
Chief Justice